No. 108,748

STATE OF KANSAS, *Appellee*, v. VIRGIL S. BRADFORD, *Appellant*.
(323 P.3d 168)

Opinion filed April 25, 2014.

*Jennifer Wyatt*, of Salina, was on the brief for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: Virgil Bradford appeals the district court's denial of his motion to correct an illegal sentence in which he asserted his convictions were multiplicitous. We affirm that denial based on well-established caselaw that precludes raising a multiplicity challenge in a motion to correct an illegal sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Virgil Bradford and Robert Verge broke into an occupied home to steal keys to a vehicle after their car became stuck in mud. During the subsequent altercation, the home's residents were beaten with a blunt object and repeatedly stabbed before receiving fatal gunshot wounds to the head. A jury convicted Bradford of capital murder, aggravated robbery, aggravated burglary, and two counts of felony theft for his part in the altercation. See *State v. Bradford*, 272 Kan. 523, 524-27, 34 P.3d 434 (2001) (reciting additional factual details).

This court affirmed Bradford's convictions but remanded for resentencing based on the district court's grant of upward durational departures for Bradford's convictions other than the capital murder

conviction because this court in *State v. Gould*, 271 Kan. 394, Syl. ¶ 3, 23 P.3d 801 (2001), had held the Kansas upward durational departure scheme unconstitutional. *Bradford*, 272 Kan. at 542. On remand, the district court sentenced Bradford to life with a mandatory minimum term of 40 years for his capital murder conviction and a total of 238 months on his remaining convictions, to run consecutive to his capital murder sentence.

In May 2012, Bradford filed a pro se motion to correct an illegal sentence asserting his convictions were multiplicitous. At a hearing before the district court, at which Bradford was represented by counsel, the State argued the district court need not consider Bradford's motion because he could not raise a multiplicity claim in a motion to correct an illegal sentence. Nevertheless, the district court considered the motion's merits and determined Bradford's convictions were not multiplicitous.

Bradford timely appeals, and this court has jurisdiction pursuant to K.S.A. 2013 Supp. 22-3601(b)(3).

## Analysis

Bradford's sole argument on appeal is that his sentence are illegal because the underlying convictions are multiplicitous.

K.S.A. 22-3504 governs motions to correct illegal sentences. An illegal sentence is one that (1) is imposed by a court without jurisdiction, (2) does not conform to the statutory provision, either in character or the term of punishment imposed, or (3) is ambiguous with regard to the time and manner in which it is to be served. *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012) (noting that only this "narrow category of issues" may be raised in motion to correct illegal sentence). A motion to correct an illegal sentence cannot serve as the means to reverse a conviction. 294 Kan. at 825.

Bradford concedes this court has held multiplicity challenges cannot be raised in a motion to correct an illegal sentence. See *Sims*, 294 Kan. at 826 (refusing to consider multiplicity challenge raised in motion to correct illegal sentence); *State v. Edwards*, 281 Kan. 1334, 1338-39, 135 P.3d 1251 (2006) (same). In spite of this concession, Bradford offers no rationale to support his request that we reconsider our precedent. See *Rhoten v. Dickson*, 290 Kan. 92,

112, 223 P.3d 786 (2010) (stating that this court adheres to its own precedent unless it is " ' "clearly convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent" ' "). Given Bradford's concession, we see no basis to reconsider *Sims* and *Edwards*.

Consistent with *Sims* and *Edwards*, we conclude the issue raised in Bradford's motion is not a sentencing matter but rather is a collateral attack on his convictions, and it is an improper issue when raised in a motion to correct an illegal sentence. Accordingly, we affirm the district court's denial of Bradford's motion to correct an illegal sentence, although we do so not on the merits—as did the district court—but because of the inappropriateness of the remedy.

Affirmed.