IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,037

STATE OF KANSAS,
*Appellee*,

v.

JEFFERY S. REDDING,
*Appellant.*

SYLLABUS BY THE COURT

1.

Courts are to interpret pro se pleadings based upon their contents and not solely on their title or labels. But there are limits to a court's duty to liberally construe pro se pleadings; a court is not required to divine every conceivable interpretation of a motion, especially when a movant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute.

2.

Appellate courts treat motions under K.S.A. 22-3504 like motions under K.S.A. 60-1507 for purposes of determining whether a hearing and appointment of counsel are required.

3.

If the district court determines that a K.S.A. 22-3504 motion and the files and records of the case do not present a substantial question of law or triable issue of fact, the court is not statutorily required to appoint an attorney for the movant.

4.

If the district court conducts a hearing to determine whether a K.S.A. 22-3504 motion presents substantial questions of law or triable issues of fact at which the State is represented by counsel, the movant's due process right to appointed counsel is implicated. A district court's review of the State's response to the motion, standing alone, does not trigger the movant's due process right to counsel.

5.

When a district court accepts the recommendation of a plea agreement to depart from an off-grid Jessica's Law hard-25 life sentence to a specific on-grid sentence, the court's failure to consider a second departure to an even shorter sentence does not render the agreed-upon sentence illegal.

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 3, 2017. Appeal from Rice District Court; MIKE KEELEY, judge. Opinion filed July12, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, argued the cause and was on the brief for appellant.

*Steven J. Obermeier*, assistant solicitor general, argued the cause, and *Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Jeffery S. Redding seeks our review of the Court of Appeals' decision affirming the district court's summary denial of his motion to correct an illegal sentence. *State v. Redding*, No. 115,037, 2017 WL 462658 (Kan. App. 2017) (unpublished opinion). Redding claims that his pro se motion should have been liberally construed as a K.S.A. 60-1507 motion; that his sentence was illegal because the district

court failed to follow proper statutory procedures for imposing a departure sentence; and that his due process rights were violated when the district court requested a response from the State before summarily denying the motion without appointment of counsel for Redding. We affirm the lower courts on all issues.

FACTUAL AND PROCEDURAL OVERVIEW

Redding was charged with multiple counts of rape and aggravated indecent liberties with a child based on allegations that he sexually abused his 4-year-old daughter and his girlfriend's 11-year-old daughter in 2010 and 2011. Pursuant to a signed plea agreement, Redding pled nolo contendere to one count of rape, K.S.A. 21-3502(a)(2), and one count of aggravated indecent liberties, K.S.A. 21-3504(a)(3)(A), in return for the State's agreement to recommend a departure from the "hard 25" off-grid sentences under Jessica's Law to the applicable on-grid sentences for his crimes, but to recommend that the on-grid sentences be imposed consecutively. The agreed-upon gridbox numbers translated to a 155-month sentence for the rape and 55-month sentence for the aggravated indecent liberties, for an aggregated sentence of 210 months, or 17.5 years.

Redding's counsel filed a motion for a departure from the Jessica's Law sentences, asserting that the substantial and compelling reasons to depart included his lack of criminal history, his age (33 years old), and his plea had spared the victims the trauma of testifying at a trial. The State concurred with the departure reasons. But Redding wrote a letter to the court in lieu of allocution in which he requested an even shorter sentence because he did not want to be away from his family, and he was concerned with his ability to resume employment in his chosen field if he were gone too long.

At sentencing, the district court imposed the Jessica's Law sentence for each count, but then departed to the jointly recommended total sentence of 210 months'

3

imprisonment, citing as substantial and compelling reasons Redding's lack of criminal history, his family support, and his having spared the victims from having to testify.

Subsequently, Redding filed a motion to permit an untimely appeal, but quickly withdrew it. More than two years later, Redding filed this pro se "Motion to Correct An[] Illegal Sentence." Because Redding had not served the State with a copy of the motion, the district court sent a copy to the State along with a letter saying that the State had time to respond, and that the district court would wait for the State's response before reviewing the motion. The State filed a response on August 19, 2015, and on August 28, 2015, the district court entered a journal entry memorandum of decision in which it addressed Redding's claims and denied the motion to correct.

Redding filed a notice of appeal on September 14, 2015, and counsel was appointed. After filing his notice of appeal, Redding filed a second motion to correct, which was similar to the first motion. The district court denied the second motion because the district court lacked jurisdiction while the case was on appeal, but the court also noted that the second motion raised the same issues as the first motion that the court had denied.

The Court of Appeals affirmed the district court's summary denial. 2017 WL 462658, at *4. We granted Redding's petition for review.

LIBERALLY CONSTRUING THE MOTION

Redding commences his first stated issue—that the district court violated his due process rights by failing to appoint him counsel after receiving a written response from the State's attorney—by arguing that the district court should have construed his motion as a K.S.A. 60-1507 motion. We consider that argument as a separate issue.

4

*Standard of Review*

Whether a district court properly construed a pro se pleading is a question of law subject to unlimited review. *State v. Ditges*, 306 Kan. 454, 456, 394 P.3d 859 (2017) (citing *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 [2014]).

*Analysis*

Courts are to interpret pro se pleadings based upon their contents and not solely on their title or labels. *Gilbert*, 299 Kan. at 802-03. In construing pro se postconviction motions a court should consider the relief requested, rather than a formulaic adherence to pleading requirements. See, e.g., *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013) (motion for new trial treated as K.S.A. 60-1507 motion); *State v. Kelly*, 291 Kan. 563, 565-66, 244 P.3d 639 (2010) (pro se K.S.A. 60-1507 motion construed as motion to withdraw plea under K.S.A. 22-3210); *State v. Randall*, 257 Kan. 482, 486-87, 894 P.2d 196 (1995) (motion to convert sentence treated as 60-1507 motion).

But there are limits to a court's duty to liberally construe pro se pleadings. A court is not required to divine every conceivable interpretation of a motion, especially when a litigant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute. *Ditges*, 306 Kan. at 457-58 (motion filed as one under K.S.A. 22-3504 and specifically requesting correction of sentence was properly treated as motion to correct illegal sentence, despite containing some requests for relief only available under 60-1507); *Makthepharak v. State*, 298 Kan. 573, 581-82, 314 P.3d 876 (2013) (despite erroneous language in order denying relief, district court properly construed pro se pleading as motion to correct illegal sentence and denied relief on that basis when litigant claimed sentence was rendered by court without jurisdiction).

Redding cites to *State v. Harp*, 283 Kan. 740, 744-45, 156 P.3d 1268 (2007), as establishing this court's ability to construe an improper motion to correct an illegal sentence as a K.S.A. 60-1507 motion. There, Harp filed a motion to correct an illegal sentence based upon a decision of this court in another case interpreting a portion of the same sentencing statute that was in question in Harp's case. After finding that the subsequent change in law did not fit within the narrow definition of an illegal sentence, this court considered whether relief was appropriate under K.S.A. 60-1507. "[A]lthough not required to do so, the district court *could* have construed Harp's pro se motion to correct an illegal sentence as a motion challenging his sentence under K.S.A. 60-1507." (Emphasis added.) 283 Kan. at 744. That discretionary language in *Harp* does not appear to benefit Redding's cause; if the district court was not required to construe a motion to correct an illegal sentence as a 60-1507 motion, then the declination to do so would not be reversible without a showing of an abuse of discretion. Redding makes no attempt at that showing.

Moreover, *Harp* held that the movant in that case was not entitled to relief under K.S.A. 60-1507 either, because "even construing the motion as a K.S.A. 60-1507 motion, the defendant must overcome procedural hurdles." 283 Kan. at 745. Ironically, that fate would befall Redding as well. K.S.A. 60-1507(f) requires the motion to be filed within one year of the case becoming final unless the movant can show manifest injustice. Redding exceeded that time limit and provides no argument as to why the manifest injustice exception is applicable here. Instead, he argues that the case should be remanded for him to make a manifest injustice argument to the district court. That tack is unavailing.

More importantly, however, we are not convinced that construing the motion as it was filed—as a K.S.A. 22-3504 motion to correct an illegal sentence—was improper. In addition to labeling the pleading as a "Motion to Correct An[] Illegal Sentence," Redding filed it under the criminal case number. To the contrary, "a motion under K.S.A. 60-1507

6

to vacate, set aside, or correct a sentence is an independent civil action that must be docketed separately." Supreme Court Rule 183(a)(1) (2019 Kan. S. Ct. R. 228-29).

Further, the motion was not submitted on the Judicial Council forms for a 60-1507 and did not contain the information called for by the questions on that form. Supreme Court Rule 183(e) (2019 Kan. S. Ct. R. 230) (a 60-1507 motion "is sufficient if it is in substantial compliance with the judicial council form"). In *Nguyen v. State*, 309 Kan. 96, 104-05, 431 P.3d 862 (2018), we said that substantial compliance means "'compliance in respect to the essential matters necessary to assure every reasonable objective of the statute'" and that "the reasonable objectives of Supreme Court Rule 183(e) are to provide the reviewing court with the information called for by the [Judicial Council] form's questions and to have that information presented in such a manner that the reviewing court can match the answers to their corresponding questions." Here, Redding's pleading did not substantially comply with Supreme Court Rule 183(e).

Even ignoring the noncompliance with Rule 183, the content of Redding's motion is consistent with its label. The motion begins by asking "this court to vacate this sentence [due] to it being [an] illegal sentence." Then, the first allegation is that "the district court did not follow the proper departure procedure on the record." Arguing that a sentence did not strictly conform to the applicable statutory provisions is consistent with a motion to correct an illegal sentence. Moreover, the cases Redding cited in the motion concern the legality of a sentence: *State v. Jones*, 293 Kan. 757, 268 P.3d 491 (2012) (challenging legality of sentence); *State v. Spencer*, 291 Kan. 796, 248 P.3d 256 (2011) (party allowed to challenge legality of sentence during other party's appeal even if not raised previously); *State v. Brown*, No. 110,709, 2014 WL 7152331 (Kan. App. 2014) (unpublished opinion) (district court did not comply with statutory departure procedures and sentence therefore illegal).

7

In sum, the district court's construing Redding's motion consistent with its form and the substance of its content was not error.

DUE PROCESS RIGHT TO APPOINTED COUNSEL

Redding principally argues that he was entitled to the appointment of counsel from the perspective that his motion is construed as a K.S.A. 60-1507 motion. But he then claims that, even if we consider his motion as a K.S.A. 22-3504 motion to correct an illegal sentence, he is entitled to a remand to the district court for appointment of counsel to present his arguments that he should have received an additional departure from the length of his gridbox sentences. Having determined that Redding's motion is to be construed as a K.S.A. 22-3504 motion, we first consider whether to continue our precedent of treating such a motion the same as a K.S.A. 60-1507 motion with respect to the appointment of counsel and the granting of a hearing. Then, if so, we will consider whether Redding had the right to an appointed counsel when the district court received a response from the State's attorney.

*Standard of Review*

The interpretation of statutes and Supreme Court rules involves questions of law reviewable de novo. *Thompson v. State*, 293 Kan. 704, 710, 270 P.3d 1089 (2011). Redding's due process claim is a question of law over which we exercise unlimited review. See *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

*Analysis*

K.S.A. 60-1507(b) provides that the district court is to grant a prompt hearing on a 60-1507 motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 22-4506(b) mandates the

8

appointment of counsel for an indigent 60-1507 movant "[i]f the court finds that the . . . [60-1507] motion presents substantial questions of law or triable issues of fact."

K.S.A. 22-3504 does not contain those provisions with respect to motions to correct an illegal sentence. But cf. K.S.A. 2018 Supp. 22-3504(1) ("Unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief, the defendant shall have a right to a hearing . . . and to have the assistance of counsel."). Nevertheless, at least since the decision in *State v. Duke*, 263 Kan. 193, 196, 946 P.2d 1375 (1997), this court has treated those motions alike for purposes of determining whether a hearing and appointment of counsel are required. See, e.g., *State v. Sims*, 294 Kan. 821, 824, 280 P.3d 780 (2012) (holding this court has consistently declined to overrule *Duke* based upon the argument that the district court lacked authority to summarily deny motion to correct an illegal sentence). And in 2017, this court reiterated that "[c]onstruing the language [of K.S.A. 22-3504] as previously written, this court has consistently directed district courts considering a motion to correct an illegal sentence to conduct a preliminary examination of the motion to determine whether substantial questions of law or fact are raised by a motion." *State v. Campbell*, 307 Kan. 130, 137, 407 P.3d 240 (2017). Redding propounds no persuasive argument for our discontinuing that long-time practice.

The issue of whether the district court's consideration of a written response from an attorney for the State mandated the appointment of counsel for an indigent 60-1507 movant was presented to us in *Stewart v. State*, 309 Kan. ___, ___ P.3d ___ (2019) (No. 115,149, this day decided), which was heard on the same oral argument docket with *Redding*. We determined that the district court's review of the State's response to a 60-1507 motion did not trigger a movant's right to counsel. *Stewart*, 309 Kan. ___, Syl. ¶ 3.

*Stewart* reiterated that a 60-1507 movant has no constitutional right to the effective assistance of counsel in the postconviction proceedings, but that, under some

9

circumstances, a statutory right to counsel exists for such a collateral attack. *Stewart*, 309 Kan. ___, slip op. at 8. Specifically, pursuant to K.S.A. 22-4506(b), "a district court has a statutory duty to appoint an attorney to represent an indigent 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact." *Stewart*, 309 Kan. ___, slip op. at 9.

Further, *Stewart* clarified that the protocol set forth in *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 (2000), does not *require* the appointment of counsel when the district court discerns a *potentially* substantial issue, albeit the court has the discretion to do so. "In other words, the district court may, but is not required to, appoint an indigent 60-1507 movant an attorney during the period the court is making its determination of whether the motion, files, and record present a substantial question of law or triable issue of fact." *Stewart*, 309 Kan. at ___, slip op. at 11-12.

On the other hand, however, if the district court conducts an actual hearing to determine whether substantial issues are presented by the motion, files, and records, at which the State is represented by counsel, due process of law requires that the movant be represented by counsel unless he or she has waived the right to counsel. *Stewart*, 309 Kan. ___, slip op. at 12. But *Stewart* specifically rejected the argument that the district court's consideration of the State's response, standing alone, is the functional equivalent of the court conducting a hearing at which the State is represented by an attorney. *Stewart*, 309 Kan. at ___, slip op. at 16.

In short, the district court did not determine that Redding's motion, and the files and records of the case, presented a substantial question of law or triable issue of fact. Consequently, the district court was not statutorily required to appoint Redding an attorney under K.S.A. 22-3504. Further, the district court did not conduct a hearing at which the State was represented by counsel, so as to implicate Redding's due process

right to appointed counsel. Consequently, the lower courts' holdings on the appointment-of-counsel issue is affirmed.

SUMMARY DENIAL OF THE MOTION TO CORRECT AN ILLEGAL SENTENCE

Redding creatively argues that his sentence is illegal because, after granting his written motion to depart from the Jessica's Law off-grid hard 25 life sentence to an on-grid determinate sentence, the district court did not consider his written allocution as a second motion to further depart from the gridbox numbers to a still shorter sentence. The argument is factually and legally infirm.

*Standard of Review*

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). When the district court summarily denies a K.S.A. 22-3504 motion, review is unlimited because the appellate court has access to the same material that the district court had. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

*Analysis*

Under K.S.A. 22-3504, a sentence is illegal if it is imposed by a court without jurisdiction, if it does not comply with statutes, or if it is vague and ambiguous. *Gray*, 303 Kan. at 1014. The only basis for Redding's challenge is a claim that his sentence did not comply with statutes. We note that Redding's case predates 2017 and 2019 legislative amendments to K.S.A. 22-3504, but those amendments would not impact our analysis here.

11

Pursuant to the plea agreement, Redding pled nolo contendere to two off-grid felonies that each carried a sentence of a life sentence without parole eligibility for 25 years. In other words, if the district court had exercised its discretion to impose consecutive hard 25 sentences, Redding would have been imprisoned for life without the possibility of parole for 50 years. Instead, the plea agreement recommended a departure to on-grid sentences that totaled 17.5 years. The record reflects that Redding knowingly, willingly, and voluntarily contracted for that reduced sentence with full understanding of the terms of the plea agreement. Moreover, he did not complain when his attorney requested the sentence that the court ultimately imposed, to-wit:

"Your Honor, we are also asking the Court to follow the plea agreement. As [Assistant Attorney General] Karrer indicated, this was a lengthy negotiation process, with all sides putting forth everything that both sides had as to why they felt the sentence should end up where it ultimately ended up. So it is not just a quick, knee-jerk reaction, but it is a thoughtful process of the parties. So we are asking the Court to follow it.

"We have filed—in addition to the departure factors that are set forth in the plea agreement, Your Honor, we did also file . . . a specific defendant's motion for a departure sentence, where we listed those, as well as a few additional factors which the Court could consider. It would be our position that those individually or together would justify the departure that the parties have proposed to the Court."

Redding attempts to crawfish on his attorney's statements by arguing that his counsel's departure motion requested a "durational departure," which he claims is different than a mere "departure." But the record is clear that Redding's attorney was advocating for the court to follow the plea agreement that Redding had signed and that Redding had acknowledged to the court that he had read and understood.

Redding also attempts to characterize his written allocution as a pro se motion for additional durational departure. Again, that after-the-fact creativity is belied by the record. At the sentencing hearing, Redding's counsel stated:

> "Mr. Redding has indicated to me that he would ask the Court to consider [the letter] as his allocution for his right of allocution at the time of sentencing and is submitted for that purpose. *But we would ask the Court to follow the plea agreement*." (Emphasis added.)

When the district court then asked Redding if he had anything additional he wanted to say, he declined comment.

In short, the district court properly considered Redding's initial departure motion as a request to depart from the hard 25 Jessica's Law sentence to an on-grid sentence, the district court followed statutory procedures for doing so, and the district court was under no obligation to consider any further departures that were obliquely referenced in allocution. Although a district court *can* further depart and impose a shorter sentence, there is nothing to say the district court *must* do so, and there is no authority to support the argument that failure to do so renders the sentence illegal.

Affirmed.