IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,156

STATE OF KANSAS,
*Appellee*,

v.

DERRICK LAUGHLIN,
*Appellant.*

SYLLABUS BY THE COURT

If either a motion to correct an illegal sentence or a postsentence motion to withdraw a plea presents a substantial question of law or triable issue of fact and the movant is indigent, then the district court must appoint counsel to represent the movant. And if the district court conducts a hearing at which the State will be represented by counsel, then due process of law requires the movant to be represented by counsel unless the movant waives that right. But the district court's consideration of the State's written response to either motion, standing alone, does not constitute a hearing or require the appointment of counsel.

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed July 12, 2019. Affirmed.

*Carl Maughan*, of Maughan Law Group, of Wichita, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

STEGALL, J.:  Derrick Laughlin filed a pro se motion to correct an illegal sentence and a pro se motion to withdraw his plea over a decade after his felony-murder conviction. The Sedgwick County District Court summarily denied the motions. On appeal, Laughlin argues the district court erred when it considered the State's written responses to his motions without appointing counsel to represent him. We hold Laughlin's right to counsel was not triggered and, as a result, we affirm.

In May 1993, Laughlin and two teenaged friends kidnapped, robbed, and killed a pizza delivery person. Laughlin was prosecuted as an adult. He ultimately pled guilty to felony murder, aggravated kidnapping, aggravated robbery, and possession of a firearm by a minor. The district court imposed two consecutive sentences of life imprisonment, plus another consecutive sentence of 10 years to life. We affirmed his convictions on direct appeal. *State v. Laughlin*, No. 73,594, unpublished opinion filed April 19, 1996 (Kan.).

In July 2016, Laughlin filed three pro se motions in district court:  a motion for appointment of counsel, a motion to correct an illegal sentence, and a motion to withdraw his plea. His motion to correct an illegal sentence alleged that his aggravated kidnapping and aggravated robbery convictions were multiplicitous with his felony-murder conviction. His plea withdrawal motion alleged many errors, including that his plea was not knowingly, intelligently, and voluntarily made.

The State filed written responses to Laughlin's motions. It argued that the court could summarily deny the motions without appointing counsel for Laughlin; that his multiplicity challenge fell outside the scope of an illegal sentence; and that his plea withdrawal motion was untimely and failed to show excusable neglect. See K.S.A. 2018 Supp. 22-3210(e)(2) (stating the time limitation for postsentence plea withdrawal may be

2

extended "only upon an additional, affirmative showing of excusable neglect by the defendant").

The district court summarily denied Laughlin's motions. First, the court ruled it was unnecessary to appoint counsel for Laughlin because the motions, files, and record of the case showed he was not entitled to relief. Second, the court determined Laughlin's motion to correct an illegal sentence was a collateral attack on his convictions, which falls outside the scope of an illegal sentence under K.S.A. 22-3504. See *State v. Nash*, 281 Kan. 600, 602, 133 P.3d 836 (2006) (holding that K.S.A. 22-3504 is not a vehicle for a collateral attack on a conviction). Third, the court found Laughlin's plea withdrawal motion was untimely and he failed to establish excusable neglect.

Laughlin appealed the summary denial of these motions directly to this court. See K.S.A. 2018 Supp. 22-3601(b)(3) (permitting appeal from a district court judgment directly to the Supreme Court in "any [criminal] case in which a maximum sentence of life imprisonment has been imposed"). Now through counsel, Laughlin argues the district court erred when it considered the State's written responses without appointing counsel to represent him on both the motion to correct an illegal sentence and the motion to withdraw plea. Laughlin also claims his sentence is illegal because his convictions are multiplicitous. He does not otherwise argue the merits of his motions.

To what extent Laughlin had a right to counsel to represent him on these motions is a question of law subject to unlimited review. See *Stewart v. State*, 309 Kan. ___, ___, ___ P.3d ___ (No. 115,149, this day decided), slip op. at 6; *Mundy v. State*, 307 Kan. 280, 294, 408 P.3d 965 (2018). Summary denial of a motion to correct an illegal sentence is reviewed de novo. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

Laughlin argues the district court violated his statutory right to counsel when it considered the State's written response to his K.S.A. 22-3504 motion without appointing

3

counsel to represent him. He concedes that a K.S.A. 22-3504 motion may be summarily denied without the appointment of counsel when the motion, files, and records of the case conclusively show the defendant is not entitled to relief. See, e.g., *State v. Hoge*, 283 Kan. 219, 224, 150 P.3d 905 (2007). But he claims the district court effectively held a hearing when it considered the State's response to his motion, which triggered his statutory right to appointed counsel. He anchors this argument in K.S.A. 2018 Supp. 22-3504(1), which states that "the defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence." In other words, Laughlin claims that considering the State's response was tantamount to holding a hearing.

Today in *State v. Redding*, 309 Kan. ___,___, ___ P.3d ___ (No.115,037, this day decided), slip op. at 8-10, we affirmed our long practice of treating K.S.A. 22-3504 motions like K.S.A. 60-1507 motions when determining whether appointment of counsel is required. See *Redding*, 309 Kan. ___, Syl. ¶ 2. Following that practice, we held a district court is statutorily required to appoint an attorney to represent an indigent K.S.A. 22-3504 defendant when the motion presents a substantial question of law or triable issue of fact. *Redding*, 309 Kan. at ___, slip op. at 8-10; see *Stewart*, 309 Kan. at ___, slip op. at 9 ("[A] district court has a statutory duty to appoint an attorney to represent an indigent 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact."). We also held that due process of law requires a defendant to be represented by counsel at a hearing on a K.S.A. 22-3504 motion where the State is represented by counsel, unless the defendant waives that right. *Redding*, 309 Kan. at ___, slip op. at 10; see *Stewart*, 309 Kan. ___, Syl. ¶ 2 ("[I]f the court conducts a hearing [on a K.S.A. 60-1507 motion] at which the State will be represented by counsel, due process of law requires that the movant be represented by counsel unless the movant waives that right to counsel.").

4

But importantly, in *Redding* we determined that a district court's consideration of the State's response to a K.S.A. 22-3504 motion is not the equivalent of a hearing. Thus, we held the State's written response to a K.S.A. 22-3504 motion, standing alone, does not trigger the defendant's procedural due process right to appointed counsel. *Redding*, 309 Kan. at ___, slip op. at 10; see *Stewart*, 309 Kan. at ___, slip op. at 16.

In like manner, Laughlin argues the district court also erred when it considered the State's written response to his postsentence plea withdrawal motion without appointing counsel to represent him. He claims that he needed counsel to develop his excusable neglect argument, which would have cleared the way for the district court to consider the merits of his motion. He does not specify the source of his alleged right to counsel here. But regardless, we conclude that no right to counsel was triggered.

A district court "may set aside the judgment of conviction and permit the defendant to withdraw the plea" after sentencing "[t]o correct manifest injustice." K.S.A. 2018 Supp. 22-3210(d)(2). As with illegal sentence motions, we have long treated postsentence plea withdrawal motions like K.S.A. 60-1507 motions when it comes to the right to counsel. See *State v. Jackson*, 255 Kan. 455, 461, 874 P.2d 1138 (1994). In *Jackson*, we explained that "[i]f a motion to withdraw a plea after sentencing reveals facts which, if true, would show manifest injustice such that withdrawal of the plea may be warranted, then the motion has clearly brought into play the substantial rights of the defendant." 255 Kan. at 461. At that point, counsel must be appointed to protect the defendant's rights. 255 Kan. at 461. "However, if there is no substantial question of law or triable issue of fact and the files and records conclusively show that the defendant is not entitled to relief on the motion, then there is no requirement that a hearing be held or that counsel be appointed." 255 Kan. at 461. This mirrors the statutory right to counsel for K.S.A. 60-1507 motions that we affirmed today in *Stewart*, 309 Kan. at ___, slip op. at 9.

5

In *State v. Hemphill*, 286 Kan. 583, 186 P.3d 777 (2008), another postsentence plea withdrawal case, we also emphasized that "even though a court need not automatically hold a hearing or appoint counsel in all post-conviction matters, when a hearing is held 'at which the State will be represented, then due process of law does require that the defendant be represented unless the defendant waives the right to counsel.'" 286 Kan. at 596 (quoting *State v. Pierce*, 246 Kan. 183, 199, 787 P.2d 1189 [1990]). In *Stewart*, we drew the same due process line for K.S.A. 60-1507 motions. See *Stewart*, 309 Kan. ___, Syl. ¶ 2.

Taken together, *Jackson* and *Hemphill* confirm that postsentence plea withdrawal motions are treated like K.S.A. 60-1507 motions for purposes of determining whether the right to counsel was triggered. Thus, the rules we announced today in *Stewart* apply equally to postsentence plea withdrawal motions, as to illegal sentence motions.

In sum, if an illegal sentence motion or postsentence plea withdrawal motion presents a substantial question of law or triable issue of fact and the movant is indigent, then the district court must appoint counsel to represent the movant. And if the court conducts a hearing at which the State will be represented by counsel, then due process of law requires the movant to be represented by counsel unless the movant waives that right. Importantly, the district court's consideration of the State's written response, standing alone, does not constitute a hearing. See *Stewart*, 309 Kan. ___, Syl. ¶¶ 1-3; *Redding*, 309 Kan. ___, Syl. ¶¶ 2-4.

Applying these rules, we arrive at the same result for both of Laughlin's right to counsel challenges. We conclude that Laughlin's statutory right to counsel was not triggered for either motion because the district court did not find a substantial issue of law or triable issue of fact in them. Moreover, the district court did not conduct a hearing on either motion, and its consideration of the State's written response did not equate to

6

one. As a result, the district court did not err when it considered the State's responses to Laughlin's motions without appointing counsel to represent him.

Lastly, Laughlin argues his sentence was illegal because his aggravated kidnapping and aggravated robbery convictions were multiplicitous with his felony-murder conviction. But based on established precedent, we can quickly conclude as a matter of law that summary denial was appropriate because multiplicity challenges fall outside the scope of a motion to correct an illegal sentence. See, e.g., *State v. Bradford,* 299 Kan. 288, 289-90, 323 P.3d 168 (2014) (affirming well-established caselaw that precludes raising a multiplicity challenge in a motion to correct an illegal sentence).

Affirmed.