IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,543

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH CHARLES TONGE JR.,
*Appellant*.

SYLLABUS BY THE COURT

Once an appellate court finds the district court imposed an illegal sentence, the court is limited to remanding on that issue with directions for the district court to impose a legal sentence.

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 13, 2019. Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed March 19, 2021. Judgment of the Court of Appeals is affirmed in part and reversed in part. Judgment of the district court is reversed and the case is remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

STANDRIDGE, J.:  Joseph Charles Tonge Jr. challenged the legality of his sentence for the first time on appeal. After finding the sentencing court used an incorrect criminal history score, the Court of Appeals vacated his sentence and remanded to the district

1

court for resentencing. Although the parties did not ask the panel to do so, it also found the plea agreement was negotiated based on the parties' mutual mistake; so, it reformed the plea agreement on remand to eliminate the agreed-upon sentencing recommendations of the parties. On review, we conclude the panel did not have the requisite authority to reform the plea agreement. Once the panel found the sentence imposed was illegal, it was limited to remanding on that issue with directions for the district court to impose a legal sentence.

PROCEDURAL HISTORY

The State filed charges against Tonge for aggravated robbery, aggravated battery, burglary of a motor vehicle, felony theft, and misdemeanor theft. Tonge entered into a plea agreement with the State. In exchange for Tonge's no contest plea to the aggravated robbery count, the State agreed to dismiss all the remaining charges and to recommend a durational departure. The parties expected Tonge's criminal history score would be an A, which carries a sentencing range of 221 to 247 months for his crime of conviction. But the State agreed to recommend a durational departure to 180 months. The State also agreed that Tonge would be free to argue for a durational departure to 120 months, but he would not be allowed to file a dispositional departure motion. Consistent with the parties' agreement, Tonge pled no contest at the plea hearing, the district court accepted the plea, and the court adjudged Tonge guilty of aggravated robbery.

As expected, the presentence investigation (PSI) report calculated Tonge's criminal history score to be an A. In calculating this score, the PSI deemed two pre-1993 burglary convictions as person felonies. Tonge never objected to his criminal history score as set forth in the PSI report.

2

Before sentencing, Tonge filed a motion for durational departure from the 221-month to 247-month presumptive prison sentence range to either a 180-month or a 120-month prison sentence as the plea agreement contemplated. To support his departure request, he maintained he had accepted responsibility for his involvement in the case, the State did not have to take the matter to a costly trial, he played a minor role in the offense, he was not a safety threat to society, and many of his more serious prior offenses occurred more than 15 years before.

At the sentencing hearing, the district court acknowledged Tonge's criminal history score of A, granted Tonge's departure motion, and imposed a 180-month prison sentence as the State recommended. The district court found substantial and compelling reasons to depart because the reduced sentence (1) was consistent with the parties' agreement and (2) would spare the victim, who was traumatized and humiliated by the crimes, from the need to testify at trial. The court specifically noted that it did not find substantial and compelling reasons to further depart to a 120-month sentence.

Tonge timely appealed his sentence. Relevant to the issue presented on review, he claimed for the first time on appeal that the district court erred by scoring his two pre-1993 Kansas burglary convictions as person felonies for purposes of calculating his criminal history score. Relying on *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), Tonge submitted that the sentencing court was prohibited from classifying his prior burglary convictions as person offenses unless it found that the prior burglaries involved a dwelling. Because the pre-1993 burglary statute under which he was convicted did not include a dwelling element, Tonge claimed the sentencing court improperly classified his pre-1993 burglary convictions as person offenses by unlawfully making a factual finding that went beyond identifying the statutory elements.

3

The State's brief on appeal did not address the merits of Tonge's illegal sentence argument. Instead, the State argued Tonge could not raise the issue for the first time on appeal. But in the event the panel decided to consider the issue, the State asked the panel to require on remand that the parties be bound by their original sentence recommendations or, in the alternative, that the State be permitted to set aside the plea agreement entirely.

The panel reached the issue on the merits and found (1) the sentencing court improperly classified Tonge's pre-1993 burglary convictions as person offenses, which resulted in an illegal sentence; (2) Tonge's correct criminal history score was a C, which carries a sentencing range of 96 to 107 months; and (3) it was necessary to vacate Tonge's sentence and remand the matter to the district court for resentencing.

In the final paragraph of the opinion, the panel rejected the State's request to set aside the plea agreement before remanding the matter for resentencing. Citing *State v. Bradford*, 299 Kan. 288, 323 P.3d 168 (2014), the panel noted that a motion to correct an illegal sentence cannot serve as the means to reverse a conviction. The panel also rejected the State's request to require that the parties be bound by their original sentence recommendations on remand. Instead, without prompting or suggestion from either party, the panel nullified the sentencing recommendation portion of the plea agreement, finding it was the product of a mutual mistake. The panel explained that the departure recommendations down to 180 or 120 months were based on the presumptive sentence for an offender with a criminal history score of A but that those recommendations would actually be an increase from the presumptive sentence for an offender with a criminal history score of C. In light of its nullification decision, the panel held the parties would be free on remand to argue for a correct presumptive sentence. See *State v. Tonge*, No. 119,543, 2019 WL 4383304, at *6 (Kan. App. 2020) (unpublished opinion).

4

After the opinion was filed, the State asked the panel to clarify that part of the remand order nullifying the departure portion of the plea agreement. Specifically, the State inquired whether the panel's order allowed it to seek an upward departure to 180 months on remand—the term it originally agreed to recommend in the plea agreement. If it did not, the State then asked the court to reconsider the order.

The Court of Appeals issued an order of clarification and explained:

"For the reasons set out in the opinion, the panel intended to convey that on remand the State and Tonge would be free to argue for any lawful sentence, including upward or downward departures, notwithstanding the limitations on sentencing recommendations to the district court contained in their plea agreement. Both the State and Tonge agreed to those recommendations based on a mutual mistake as to his criminal history.

"On remand, the State and Tonge may argue to the district court for any lawful sentence."

Tonge timely filed a petition for review following the panel's clarification order.

ANALYSIS

Tonge claims the Court of Appeals exceeded the scope of its authority when it reformed the parties' plea agreement as part of its remand order. We agree.

Tonge originally argued on appeal that his sentence was illegal because his two pre-1993 burglary convictions were improperly scored as person felonies. Because it was illegal, Tonge asked the panel to vacate his sentence and remand for resentencing. The panel decided this issue in Tonge's favor, vacated the sentence, and remanded for resentencing. The panel also reformed the parties' plea agreement as part of its remand

5

order. But once the panel deemed the sentence illegal, it only had the authority to remand the case on that issue and to direct the district court to impose a legal sentence. As we also held today in *State v. Dunn*, 313 Kan. ___, Syl.  (No. 119,866, this day decided), a decision on the merits of any collateral issues related to an illegal sentence is advisory.

Because the panel lacked the requisite authority to reform the plea agreement after finding the sentence imposed was illegal, that portion of the panel's order on remand is reversed. We affirm that part of the panel's decision to the extent it ordered remand to the district court for resentencing with directions to impose a legal sentence.

Affirmed in part, reversed in part, and remanded with directions.