NOT DESIGNATED FOR PUBLICATION

No. 127,587

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VIRGIL SYLVESTER BRADFORD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed November 1, 2024. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Jospeh A. Desch, of Topeka, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., MALONE and SCHROEDER, JJ.

PER CURIAM: Virgil Sylvester Bradford appeals the summary denial of his motion to correct illegal sentence, which the district court construed as a K.S.A. 60-1507 motion and denied as untimely. The motion challenged the validity of Bradford's hard 40 sentence for capital murder originally imposed by the district court in 1999. Bradford claims the district court erred by construing his motion under K.S.A. 60-1507 instead of K.S.A. 22-3504 and denying the motion as untimely. We agree. Thus, we reverse the summary denial of Bradford's motion and remand with directions for the district court to treat it as a motion to correct illegal sentence under K.S.A. 22-3504.

1

The parties are familiar with the history of this case, and we will only briefly summarize it here. A jury convicted Bradford in 1999 of capital murder, aggravated robbery, aggravated burglary, and felony theft. The jury was unable to reach a unanimous decision on whether to impose the death penalty. As a result, the district court sentenced Bradford to life imprisonment without parole eligibility for 40 years for capital murder and imposed upward departure sentences on the other counts. The Kansas Supreme Court upheld Bradford's convictions and his hard 40 sentence on his direct appeal but vacated the upward departure sentences on the other counts and remanded for resentencing on those counts. *State v. Bradford*, 272 Kan. 523, 542-44, 34 P.3d 434 (2001) (*Bradford I*).

Since his direct appeal, Bradford has filed several postconviction motions challenging his convictions and sentences, sometimes captioned as motions under K.S.A. 60-1507 and sometimes captioned as motions to correct illegal sentence under K.S.A. 22-3504. The district court has denied each of Bradford's K.S.A. 60-1507 motions, and those decisions were affirmed by this court on appeal. See, e.g., *Bradford v. State*, No. 117,354, 2017 WL 6062089 (Kan. App. 2017) (unpublished opinion) (*Bradford III*). The district court has denied each of Bradford's motions to correct illegal sentence, and those decisions were affirmed by the Kansas Supreme Court. See *State v. Bradford*, 311 Kan. 747, 466 P.3d 930 (2020) (*Bradford IV*); *State v. Bradford*, 299 Kan. 288, 323 P.3d 168 (2014) (*Bradford II*).

On January 22, 2024, Bradford filed a pro se "Motion to Correct an Illegal Sentence for Lack of Jurisdiction Pursuant to K.S.A. 22-3504(c)(1)." Bradford's motion asserted that his hard 40 sentence violated his statutory rights under K.S.A. 21-4635 and K.S.A. 21-4636, and thus the district court lacked jurisdiction to impose the sentence. Without stating any rationale for doing so, the district court construed the motion under K.S.A. 60-1507 and summarily denied it as untimely under K.S.A. 60-1507(f)(1) with no

2

showing of manifest injustice to extend the filing deadline. Bradford motioned the district court to reconsider, clarifying that his motion was filed under K.S.A. 22-3504 and was not subject to a one-year deadline for filing. The district court summarily denied the motion for reconsideration. Bradford timely appealed the district court's judgment.

ANALYSIS

Bradford argues on appeal that the district court erred by construing his motion under K.S.A. 60-1507 instead of K.S.A. 22-3504 and denying the motion as untimely. The Kansas Supreme Court has established that a pro se motion to correct an illegal sentence should be construed as filed, focusing on the form and substance of the motion. *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review. *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013).

Bradford's pro se motion was captioned as a "Motion to Correct an Illegal Sentence for Lack of Jurisdiction Pursuant to K.S.A. 22-3504(c)(1)." Under K.S.A. 22-3504(c)(1), an "illegal sentence" is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." The definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, and a party may not move to correct an illegal sentence based on constitutional challenges to the sentence. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2014).

The State argues that "Bradford's motion was properly construed as a 60-1507 motion because the substance of his motion contained constitutional claims." But this assertion is only partially correct. In one sentence of his pro se motion, Bradford asserts that his hard 40 sentence was illegal "under the Due Process Clause of the 5th and the

3

notice and jury trial guarantees of the 6th Amendment." But Bradford's motion also asserted that his hard 40 sentence violated his statutory rights under K.S.A. 21-4635 and K.S.A. 21-4636 (now codified at K.S.A. 21-6623 and K.S.A. 21-6624). As a result, Bradford's motion asserted that the district court lacked jurisdiction to impose the sentence. A claim that a sentence is imposed by a court without jurisdiction, if found to be correct, satisfies the definition of an illegal sentence under K.S.A. 22-3504.

The State also asserts in its brief that "Bradford made no statutory jurisdiction argument" and that "Bradford's pro se motion rested entirely on Fifth and Sixth Amendment concepts." But these assertions are incorrect because Bradford at least attempted to make a statutory argument in district court. He also attempted to make an illegal sentence argument based on jurisdiction. See *State v. Ditges*, 306 Kan. 454, 457, 394 P.3d 859 (2017) (motion filed under K.S.A. 22-3504 and specifically requesting correction of sentence was properly treated as motion to correct illegal sentence, despite containing some requests for relief available only under 60-1507).

Bradford's pro se filing is somewhat of a hybrid motion, raising both a constitutional claim that his sentence is illegal and other claims based on statutory violations and lack of jurisdiction. The district court oversimplified matters by construing the motion only under K.S.A. 60-1507 and denying the motion as untimely without attempting to address the merits of any of Bradford's arguments. Thus, we reverse the summary denial of Bradford's motion and remand with directions for the district court to treat it as a motion to correct illegal sentence under K.S.A. 22-3504. We offer no opinion on the merits of Bradford's motion. As both parties acknowledge in their briefs, because Bradford is serving a sentence of life imprisonment without parole eligibility for 40 years, any appeal from the district court's ruling on a motion to correct illegal sentence shall be taken directly to the Kansas Supreme Court. See K.S.A. 22-3601(b)(3); *Bradford IV*, 311 Kan. at 749; *Bradford II*, 299 Kan. at 289.

4

Reversed and remanded with directions.