NOT DESIGNATED FOR PUBLICATION

No. 121,637

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HENRY C. DAVIDSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed April 24, 2020. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: Henry C. Davidson was convicted of three off-grid sex crimes and now appeals the summary denial of his pro se motion for a new trial based on newly discovered evidence. However, Davidson's motion actually challenged the effectiveness of his appellate counsel during his direct appeal and further claimed newly discovered evidence existed. Given the filing date of Davidson's motion and the manner in which it was drafted, it makes no difference whether the district court construed it as a motion for new trial or a request for habeas corpus relief under K.S.A. 2019 Supp. 60-1507. Under either analysis, Davidson is not entitled to relief. We affirm the district court.

1

FACTS

Davidson was convicted by a jury of aggravated indecent liberties with a child, attempted rape, and aggravated criminal sodomy in 2014 involving a nine-year-old girl. Davidson was sentenced to three concurrent terms of imprisonment for life with a mandatory minimum of 25 years. On direct appeal, Davidson's convictions were affirmed by this court in 2015, and the mandate was issued in January 2017. See *State v. Davidson*, No. 112,283, 2015 WL 9455566 (Kan. App. 2015) (unpublished opinion).

Over a year after the mandate was issued in his direct appeal, Davidson filed a pro se motion captioned: "Motion for New Trial on Grounds of Newly Discovered Evidence." In his motion, Davidson argued his counsel on direct appeal erred by not adding to his brief the fact that trial counsel never attempted to contact or locate Davidson's brother, a potential defense witness who had resided with Davidson, the victim, and the victim's mother for approximately five months. According to Davidson, his brother's trial testimony would have brought up enough reasonable doubt on the identity of a man—identified as Davidson—in a sexually explicit photo admitted at trial. The district court summarily denied Davidson's motion, finding Davidson's brother was known by the defense at the time of trial and the evidence was not newly discovered.

ANALYSIS

On appeal, Davidson argues the district court abused its discretion when it denied his motion for a new trial. In response, the State argues there is no factual support for Davidson's motion for new trial and, in the alternative, the district court should have construed Davidson's pro se pleading as a motion for habeas corpus relief under K.S.A. 2019 Supp. 60-1507. "Whether a district court correctly construed a pro se pleading is a question of law subject to de novo review." *State v. Ditges*, 306 Kan. 454, 456, 394 P.3d 859 (2017).

Davidson titled his pleading as a motion for a new trial based on newly discovered evidence. But Davidson drafted his pleading without an attorney, so the district court had a duty to interpret it based on its substance and content rather than solely on its caption or title. See *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). The content of Davidson's pleading challenged the effectiveness of his counsel on direct appeal, stating his direct appeal counsel erred by not adding an ineffective assistance of trial counsel argument in his brief. Relief for this type of claim is sought through a habeas motion. See *Thuko v. State*, 310 Kan. 74, 84, 444 P.3d 927 (2019); *State v. Jarmon*, 308 Kan. 241, 250, 419 P.3d 591 (2018) (courts may construe motion for new trial alleging ineffective assistance of counsel as collateral attack on judgment under K.S.A. 60-1507).

Arguably, instead of treating the motion as it was titled, the district court should have liberally construed Davidson's pleading as a request for habeas relief. But as the State points out, the district court's failure to do so was harmless. Even if the district court had treated Davidson's motion as a request for habeas relief, the motion would have been untimely under K.S.A. 2019 Supp. 60-1507(f)(1). And Davidson did not argue—nor is there anything in the record to support a finding—that an extension of the one-year time limit under K.S.A. 2019 Supp. 60-1507(f)(2) was necessary to prevent a manifest injustice. Davidson had the burden of establishing his right to habeas relief, which included showing a manifest injustice would result from refusing to hear his claims. See Supreme Court Rule 183(g) (2020 Kan. S. Ct. R. 223) (defendant has burden of establishing grounds for relief); *Ditges*, 306 Kan. at 458 (district court's failure to consider inmate's motion to correct illegal sentence as motion for habeas relief was harmless where habeas motion would have been untimely).

Treating the motion as it was titled, the district court's ruling was correct. We review the district court's denial of a defendant's motion for a new trial for abuse of discretion. *State v. DeWeese*, 305 Kan. 699, 709, 387 P.3d 809 (2017). "A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on

an error of law; or (3) based on an error of fact.'" *State v. Butler*, 307 Kan. 831, 852, 416 P.3d 116 (2018). Here, Davidson bears the burden of demonstrating such abuse. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

> "To establish the right to a new trial [based on newly discovered evidence], a criminal defendant must show: (1) that the newly proffered evidence could not have been produced at trial with reasonable diligence; and (2) that the newly discovered evidence is of such materiality that it would be likely to produce a different result upon retrial. In determining whether new evidence is material, the trial judge must assess the credibility of the newly proffered evidence. The appellate court does not reassess the judge's credibility determination. [Citations omitted.]" *State v. Lyman*, 311 Kan. 1, ___, 455 P.3d 393, 407 (2020).

We do recognize Davidson's brother could have potentially testified in support of Davidson's defense. But Davidson does not point to any actual evidence his brother could have offered and instead broadly claims—without any evidentiary support—his brother's testimony would have cast reasonable doubt on the identity of the man in the sexually explicit photo admitted at trial. But *how* would he cast doubt? Even assuming Davidson's brother could have testified about the photo or provided other evidence on the matter, Davidson does not explain why, under the first prong of the test for newly discovered evidence, such evidence could not have been produced at trial with reasonable diligence. The trial record shows the parties were aware at the time of trial Davidson's brother had lived with Davidson, the victim, and the victim's mother for about a five-month period. Nothing in the record indicates this fact was a surprise to the defense or that Davidson's brother was not available to be called as a witness.

The district court denied Davidson's motion for this reason alone—finding Davidson's brother was known by the defense at the time of trial—and did not address the materiality prong of the newly discovered evidence test. Even though the district court did not make an explicit finding on the materiality of the alleged evidence, a district

court's ruling "will be upheld on appeal if it is correct for any reason." *State v. Tatum*, 40 Kan. App. 2d 846, 859, 196 P.3d 441 (2008). Here, the district court's legal conclusion under the first prong is properly supported by evidence in the trial record, and Davidson clearly failed to establish materiality under the second prong because the evidence itself and the purpose for which it could have been offered is purely speculative. It is entirely possible Davidson's brother's testimony on the identity of the man in the photo would have been of no value or could even have been harmful to Davidson's defense.

The district court, by treating the motion as it was titled, did not abuse its discretion when it denied Davidson's motion for a new trial based on newly discovered evidence. And the district court's failure to treat Davidson's motion as a request for habeas relief was harmless because the motion was untimely filed and Davidson failed to establish manifest injustice. We observe no reversible error by the district court.

Affirmed.