NOT DESIGNATED FOR PUBLICATION

No. 122,462

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER BROADNAX,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed April 23, 2021.
Appeal dismissed.


*Patricia Aylward-Kalb*, of Kansas City, for appellant.


*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., GREEN and HILL, JJ.


PER CURIAM: Christopher Broadnax appeals the district court's denial of his K.S.A. 60-1507 motion for ineffective assistance of counsel. A jury convicted Broadnax of rape, in violation of K.S.A. 2012 Supp. 21-5503(a)(1) and this court affirmed on appeal. *State v. Broadnax*, No. 114,131, 2016 WL 7324444 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1321 (2017). In his 60-1507 motion, Broadnax argues that his appellate counsel was ineffective for not raising issues related to his right to a speedy trial and his right to an attorney under the Fifth Amendment to the United States Constitution and *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L.

1

Ed. 2d 694 (1966). Because these issues are not properly before us, we dismiss this appeal.

We need not recite the facts of this case because Broadnax and we have adopted the detailed facts set forth in *Broadnax*, 2016 WL 7324444. In his K.S.A. 60-1507 motion, Broadnax argued that the district court erred in denying his motion to suppress his statements to police. The district court summarily denied Broadnax's motion. Broadnax timely appeals.

Initially, Broadnax argues that his counsel on direct appeal was ineffective for not arguing that police violated his *Miranda* rights when they continued to question him after he asked for a lawyer. Broadnax argues this point in two ways. First, he claims that appellate counsel was ineffective for not including an audio recording of Broadnax's police interview in the record on appeal. Second, he maintains that his appellate counsel was ineffective for not arguing that the district court should have suppressed his statements to police. Broadnax now claims that counsel on direct appeal was ineffective for omitting this suppression argument.

Broadnax's arguments are not properly before us. Issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), and *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015), our Supreme Court warned that Rule 6.02(a)(5) would be strictly enforced, and litigants who failed to comply with this rule risked a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). "As a general rule, unless there

are exceptional circumstances, appellate courts do not consider issues on appeal that were not raised by the parties." *State v. Laborde*, 303 Kan. 1, 7, 360 P.3d 1080 (2015).

For example, Broadnax's K.S.A. 60-1507 motion argues only that the district court erred in its ruling on his motion to suppress his statements to police. He makes no mention of whether his counsel was ineffective on this issue, either before the district court or on appeal. Even construing Broadnax's pro se motion as broadly as possible, his argument does not read as an ineffective assistance of counsel claim. Instead, he stated clearly and repeatedly that the district court erred by not suppressing his statements to law enforcement. "[T]here are limits to a court's duty to liberally construe pro se pleadings." *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). His claim related only to trial court error. And thus, there is absence of an allegation that appellate counsel was ineffective.

On appeal, Broadnax does not explain why this issue should be considered for the first time on appeal. And Broadnax does not argue any exceptional circumstances. So this issue is not properly before us.

Next, Broadnax argues that his counsel on direct appeal was ineffective for not raising the issue of his right to a speedy trial. As with his motion to suppress issue, Broadnax deviates substantially from the argument he made to the district court. For instance, Broadnax's K.S.A. 60-1507 motion before the district court asserted only that the district court erred, not that his appellate counsel was ineffective. Again, Broadnax makes no attempt to explain why an issue not raised in his K.S.A. 60-1507 motion to the district court should be considered for the first time on appeal. See *Laborde*, 303 Kan. at 7. Thus, this issue is not properly before us.

Finally, Broadnax argues that the district court erred in summarily denying his K.S.A. 60-1507 motion. He contends that, at a minimum, his motion warranted a

3

preliminary hearing on the issue of his right to a speedy trial. He fails to support this conclusory argument. Because the motion, files, and case records conclusively show that Broadnax is not entitled to relief and the issues raised are not properly before us, we dismiss Broadnax's appeal.

Appeal dismissed.