NOT DESIGNATED FOR PUBLICATION

No. 122,732

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TREVAWN K. STRONG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 2, 2021. Appeal dismissed.

*Mark Sevart*, of Derby, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., BRUNS, J., and STEVE LEBEN, Court of Appeals Judge Retired, assigned.

LEBEN, J.: Once a trial court announces a criminal defendant's sentence, the court loses jurisdiction to modify that sentence except to correct arithmetic or clerical errors. *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019); see K.S.A. 2020 Supp. 21-6820(i). So when Trevawn Strong filed a motion asking the district court to reconsider its decision to revoke his probation and send him to serve his prison sentence, the district court found it had no jurisdiction to consider the motion and dismissed the motion.

Strong now appeals, arguing that his motion should have been construed as one to correct an illegal sentence. If so, that would be significant: a motion to correct an illegal sentence may be made "at any time while the defendant is serving such sentence." K.S.A. 2020 Supp. 22-3504(a). We must determine whether the trial court should have treated Strong's "Motion to Reinstate Probation Due to Abuse of Discretion" as a motion to correct an illegal sentence.

A bit of background will put the motion into context. Strong pleaded guilty to possession of cocaine, and the district court originally sentenced him to 12 months of probation with an underlying prison sentence of 42 months that would be served if he didn't successfully complete the probation. Strong violated his probation terms— including by possessing a weapon while a felon, testing positive for cocaine, and failing to report to his probation officer. Based on those violations, the court revoked his probation and ordered that Strong serve the prison sentence.

Almost five months later, Strong filed his motion. His main argument: "Continued inpatient substance abuse treatment while on probation would have been a better option than prison in this case." He said that revoking his probation was an abuse of discretion and asked that his probation be reinstated along with an order for inpatient drug treatment.

None of that relates to a claim that Strong's sentence was illegal. An illegal sentence is one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision . . .; or that is ambiguous with respect to the time and manner in which it is to be served . . . ." K.S.A. 2020 Supp. 22-3504(c)(1).

Strong's claim that his motion should have been characterized as one to correct an illegal sentence rests mainly on this single sentence in his five-page motion: "Nowhere in the language of K.S.A. 22-3716 does it state that a defendant's probation may be revoked

2

for an 'alleged' new crime committed by the defendant." (Minor spelling errors corrected.) Strong referenced the allegation that he had violated probation by committing the new offense of possessing a firearm as a felon, which he suggests isn't specifically mentioned as a basis for revoking probation in K.S.A. 2020 Supp. 22-3716.

It's true that the district court should liberally interpret court filings made by people representing themselves. We look not just at the headings but also at the content. See *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). Here, though, the clear message of Strong's motion was that the district court had abused its discretion by revoking his probation and sending him to prison. At the hearing at which the court revoked his probation, and in his motion, Strong argued that he should be given another chance at drug treatment before being sent to prison. That's an argument to the court about how to exercise its discretion and a request for a sentence modification, not a claim that the sentence was illegal.

Strong's appellate brief also suggests that if his motion isn't one to correct an illegal sentence, perhaps it could be considered as a request for habeas relief. That suggestion is because the district court would have had jurisdiction to consider a habeas request. See K.S.A. 2020 Supp. 60-1507(f)(1) (generally allowing habeas motions within one year). But Strong never develops an argument that some other portion of his motion sought habeas relief—such as showing ineffective assistance of counsel or otherwise showing that he was being unlawfully held.

We conclude that Strong's motion was properly characterized as one to reconsider the trial court's sentencing decision, which revoked Strong's probation and sent him to prison. The district court had no jurisdiction to consider that motion. Our jurisdiction is no greater, and we therefore dismiss Strong's appeal for lack of jurisdiction.