NOT DESIGNATED FOR PUBLICATION

No. 123,125

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ARTURO AMBRIS-MORALES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Seward District Court; BRADLEY E. AMBROSIER, judge. Opinion filed October 1, 2021. Affirmed.

*James C. Dodge*, Sharp McQueen, P.A., of Liberal, for appellant.

*Russell W. Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and HURST, JJ.

PER CURIAM: A district court ruled that a prisoner failed to show sufficient reasons why he failed to move for habeas corpus relief within the one-year limit set by law. The court denied his motion as untimely. We must decide whether the court's findings of fact are supported by substantial competent evidence and if its legal conclusions are sound.

*The movant was tried by a jury, convicted of aggravated criminal sodomy, and is now serving a life sentence. His conviction has been affirmed on appeal.*

In deciding this appeal, we need not repeat all the details of the movant's crime. The jury found Arturo Ambris-Morales guilty of aggravated criminal sodomy and the court sentenced him to a must-serve 25-year life sentence.

Ambris-Morales timely appealed and his conviction was affirmed by a panel of this court on May 5, 2017. *State v. Ambris-Morales*, No. 114,514, 2017 WL 1822556, at *7 (Kan. App. 2017) (unpublished opinion). Then, on November 6, 2017, the Kansas Supreme Court denied Ambris-Morales' petition for review.

Then, Ambris-Morales filed this K.S.A. 60-1507 motion for relief on August 9, 2019—more than 20 months after the Kansas Supreme Court denied review. The motion alleged that Ambris-Morales' trial counsel was ineffective in several ways and that even though he filed his motion after the one-year limit he was entitled to "Equitable Tolling" of the time limit to prevent manifest injustice.

The district court took evidence on the motion. After that hearing, the court found that Ambris-Morales did not show manifest injustice and denied his motion. Even though the court held that his failure to file within the one-year time limit was dispositive, the court addressed and rejected his claims of ineffective assistance of counsel. Ambris-Morales appeals the denial of this motion.

To us, Ambris-Morales argues that his failure to file a K.S.A. 60-1507 motion within one year is excusable because it resulted from a language barrier and a lack of financial resources. The State argues that Ambris-Morales' testimony about whether he can communicate in English is inconsistent and he had the necessary financial resources through his prison job.

Generally, after a full evidentiary hearing on a K.S.A. 60-1507 motion, a district court must issue findings of fact and conclusions of law on all issues presented. Supreme Court Rule 183(j) (2021 Kan. S. Ct. R. 239). In turn, we review the court's findings of fact to determine whether they are supported by substantial competent evidence and can support the court's conclusions of law. Appellate review of the district court's ultimate conclusions of law is de novo. *Fuller v. State*, 303 Kan. 487, 485, 363 P.3d 373 (2015).

But time limits must be observed. K.S.A. 60-1507 provides that an action for relief must be brought within one year of the final order of the last appellate court in Kansas to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction. The court may extend the one-year time limitation to prevent manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). "'Manifest injustice'" in the context of habeas corpus means "'obviously unfair'" or "'shocking to the conscience.'" *Noyce v. State*, 310 Kan. 394, 399, 447 P.3d 355 (2019). The movant bears the burden to establish manifest injustice by a preponderance of the evidence. 310 Kan. at 400; Supreme Court Rule 183(g) (2021 Kan. S. Ct. R. 239).

In 2016 the Legislature narrowed our manifest injustice inquiry. Under the amended statute, we are limited to considering (1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence. K.S.A. 2020 Supp. 60-1507(f)(2)(A). The 2016 amendments to the statute govern for motions filed after July 1, 2016, and thus they control here. *Sherwood v. State*, 310 Kan. 93, 100, 444 P.3d 996 (2019). This means we must answer two questions. What are Ambris-Morales' reasons for not filing in time?  Is he making a colorable claim of actual innocence?

*We are not convinced Ambris-Morales has presented sufficient evidence that excuses his delay in moving for relief.*

At the K.S.A. 60-1507 hearing, Ambris-Morales testified that he is from Chihuahua, Mexico, but is incarcerated at Lansing Correctional Facility. He cannot read English and there are no Spanish law books for inmates at Lansing. He could not communicate with the person who helped him. He could not get a copy of his trial transcript because he did not have a job or any money. He did not learn that he could file a K.S.A. 60-1507 motion until around eight months after the Supreme Court denied his petition for review. He learned of the denial of his petition in a letter written to him in English.

He also testified that he has been employed since his first week in prison in May 2014 and earns $90 per month since around June 2018. Ambris-Morales testified that he paid another inmate named "Olga" $200 to help with his K.S.A. 60-1507 motion and paid $132 for his trial transcripts.

After hearing this, the district court found Ambris-Morales' arguments that he lacked financial resources and the ability to communicate with the people helping him inconsistent and gave those arguments limited weight. The court also ruled that it was both legally and factually unnecessary for Ambris-Morales to obtain any transcripts before filing a K.S.A. 60-1507 motion.

We acknowledge that being a Spanish speaker in an English-speaking country creates barriers to understanding and using a criminal justice system. Is "habeas corpus relief" even a term that can be culturally translated into Spanish? But the fact remains that Ambris-Morales did file a motion for habeas corpus relief. He needed to explain why he could not file it within the one-year time limit.

4

Even though Ambris-Morales alleges that Lansing Correctional Facility does not have Spanish resources, he still does not explain how he was ultimately able to communicate with Olga and file his K.S.A. 60-1507 motion. Nor does he claim any specific instances of manifest injustice resulting from the language barrier. This does not meet his burden to prove manifest injustice.

One case is helpful. In *Mendoza-Hernandez v. State*, No. 117,522, 2018 WL 1973753, at *4 (Kan. App. 2018) (unpublished opinion), the court listed some information that would have helped make a manifest injustice determination. Mendoza-Hernandez filed his K.S.A. 60-1507 motion four years after his conviction was final. As in this case, Mendoza-Hernandez did not make a claim of actual innocence so the question was limited to his reasons for failing to file within the one-year time limit. 2018 WL 1973753, at *4.

Similar to the claims in this case, Mendoza-Hernandez argued that he filed late because he could not access Spanish legal resources at Ellsworth Correctional Facility, he was unaware of resources available to him at the prison because his orientation was in English, and the court impeded his ability to get his transcripts by requiring him to pay for them.

Ultimately, the court found that Mendoza-Hernandez did not meet his burden of establishing manifest injustice:

> "[N]othing in the record, beyond Hernandez' statements, indicate that Spanish materials were not available to him at Ellsworth Correctional Facility. Further, there is no indication that Hernandez sought Spanish materials, or aid in understanding English, in a timely fashion. The record does indicate that he 'relied upon the assistance [of] other inmates.' But there is no explanation as to why it took him several years to do so." *Mendoza-Hernandez*, 2018 WL 1973753, at *4.

We recognize that the Kansas Supreme Court granted Mendoza-Hernandez' petition for review and then remanded his case to this court for reconsideration because it recently held that the 2016 amendment to K.S.A. 60-1507(f)(2)(A) did not apply retroactively. On remand, this court analyzed the case under the second factor in *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014), and concluded that there was still no manifest injustice. *Mendoza-Hernandez v. State*, No. 117,522, 2019 WL 638284, at *6 (Kan. App. 2019) (unpublished opinion).

But for our purposes, we find that the list of what was *not* shown by Mendoza-Hernandez is important. He did not show that he sought Spanish-language materials or any other help to understand English. Nor did he explain why it took him several years to seek help from other inmates. The same failure to explain exists in this case.

Ambris-Morales fails to show that he tried to obtain any Spanish-language materials. He fails to show that he sought any other help to understand English. And he does not explain why he waited so long to seek Olga's help.

Nor are we persuaded that a lack of funds barred the filing of this motion within one year. The district court made a telling point. It was unnecessary for Ambris-Morales to have the transcripts in order to file his motion. The ordering of those transcripts can come later. But the motion could have been timely filed.

When we consider all of this, we hold that Ambris-Morales has failed to show us evidence of manifest injustice. The district court correctly held he had failed to prove such. We turn now to the second question we must answer.

*Ambris-Morales makes no claim of actual innocence.*

The second factor in determining manifest injustice—a movant's claim of actual innocence—refers to factual, not legal innocence. *Vontress*, 299 Kan. at 616. Ambris-Morales does not make a claim of actual innocence. At the 60-1507 hearing, Ambris-Morales testified that he does not remember what happened the night of the incident, not that he is innocent.

In summation, we answer both questions in the negative. Ambris-Morales has failed to show us evidence of manifest injustice that would excuse the late filing of his motion for habeas corpus relief. And he makes no claim of actual innocence. We thus hold that his motion is time-barred and affirm the district court's ruling. We need not address the remaining holdings of the district court on the merits of his claims.

Affirmed.