IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,319

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM D. ALBRIGHT,
*Appellant.*

SYLLABUS BY THE COURT

1.

Where a defendant seeks sentence modification in postconviction proceedings, a court lacks jurisdiction and should dismiss the matter unless there is a statute that authorizes the specific requested relief.

2.

The rule of law declared in *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), that the Sixth Amendment to the United States Constitution requires any fact that increases a sentence beyond the mandatory minimum to be submitted to a jury and proven beyond a reasonable doubt, does not trigger K.S.A. 2021 Supp. 21-6628(c). The *Alleyne* Court did not find either the term of imprisonment or the statute authorizing the term of imprisonment to be unconstitutional.

Appeal from Kingman District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed October 14, 2022. Affirmed.

*Daniel O. Lynch*, of Johnston, Eisenhauer, Eisenhauer & Lynch, LLC, of Pratt, was on the brief for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALL, J.:  William Albright appeals the district court's denial of his motion to modify his sentence under K.S.A. 2021 Supp. 21-6628(c), which requires a court to modify a sentence if certain sentencing provisions are found unconstitutional. Albright, who is serving a life sentence for first-degree premeditated murder, argues he is entitled to a sentence modification because one of the statutory provisions that the sentencing court relied on when imposing his sentence was later found unconstitutional in *State v. Soto*, 299 Kan. 102, 122-24, 322 P.3d 334 (2014). But we considered and rejected the same argument in *State v. Coleman*, 312 Kan. 114, 472 P.3d 85 (2020). And we have recently and repeatedly reaffirmed that holding. We therefore affirm the denial of Albright's motion.

## FACTS AND PROCEDURAL BACKGROUND

A jury convicted Albright of first-degree premeditated murder in 1999. We set out the facts underlying that conviction in *State v. Albright*, 271 Kan. 546, 547-49, 24 P.3d 103 (2001). We need not revisit them to resolve the issue before us.

When Albright committed his crime, the penalty for first-degree premeditated murder varied depending on whether the sentencing court made certain factual findings. If the court found that one or more statutory aggravating circumstances were present and were not outweighed by mitigating circumstances, it had to impose a life sentence without the possibility of parole for 40 years (commonly called a hard 40 sentence). See K.S.A. 21-4635(a)-(c) (Furse 1995); K.S.A. 21-4636 (Furse 1995) (providing aggravating

2

circumstances); K.S.A. 21-4637 (Furse 1995) (providing nonexhaustive list of mitigating factors). Without that finding, the penalty was still life imprisonment, but the defendant would be eligible for parole after 25 years. See K.S.A. 1998 Supp. 22-3717(b)(1).

Albright received a hard 40 sentence after the sentencing court found by a preponderance of the evidence that he had committed the murder for monetary gain—an aggravating factor under K.S.A. 21-4636(c) (Furse 1995). We affirmed Albright's conviction and sentence. 271 Kan. at 560.

Several years later, Albright secured a second trial after a panel of the Court of Appeals held that his defense attorney's deficient representation had deprived him of a fair trial. See *State v. Albright,* No. 90,216, 2004 WL 1041350, at *9 (Kan. App. 2004) (unpublished opinion). At his retrial in 2005, Albright was again convicted of premeditated first-degree murder.

After that verdict but before sentencing, Albright filed a posttrial motion arguing that the hard 40 sentencing scheme violated a defendant's Sixth Amendment jury-trial right as stated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Apprendi* held that any fact (other than the existence of a prior conviction) that increases the statutory maximum penalty must be found by a jury beyond a reasonable doubt. 530 U.S. at 490. Albright claimed that K.S.A. 1999 Supp. 21-4635 violated *Apprendi* because it allowed a sentencing court to extend the time until parole eligibility from 25 years to 40 years based on facts that the judge, not the jury, had found. The sentencing court denied that motion and again imposed a hard 40 life sentence after finding that Albright had committed the murder for monetary gain.

On appeal, we rejected Albright's *Apprendi* argument and affirmed his conviction and sentence, reasoning that *Apprendi*'s holding expressly applied to facts that raise the statutory *maximum* penalty, not facts that raise the statutory *minimum* penalty. See *State v. Albright*, 283 Kan. 418, 423-25, 153 P.3d 497 (2007). Albright's sentence became final in April 2007 after we issued the mandate in that case.

Albright's argument would prove prescient because six years later, in *Alleyne*, the United States Supreme Court held that the Sixth Amendment required any fact increasing a mandatory *minimum* sentence also be found by a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 107-08, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). The following year, we applied *Alleyne* to strike down K.S.A. 1999 Supp. 21-4635 because the statute permitted a judge to find by a preponderance of the evidence the existence of one or more aggravating factors necessary to impose an increased mandatory minimum sentence, rather than requiring a jury to find the existence of the aggravating factors beyond a reasonable doubt. *Soto*, 299 Kan. 102, Syl. ¶ 9.

Albright seized on our decision in *Soto*. In 2016, he filed a pro se motion for resentencing. In that motion, Albright asserted that his sentence was unconstitutional under *Alleyne* because it resulted from judicial fact-finding. *State v. Albright*, 307 Kan. 365, 366-67, 409 P.3d 34 (2018). On appeal from the district court's denial of Albright's motion, we construed his claim both as a motion under K.S.A. 22-3504 to correct an illegal sentence and a motion under K.S.A. 60-1507 to collaterally attack his sentence. See *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019) (courts should liberally construe pro se postconviction motions to "consider the relief requested, rather than a formulaic adherence to pleading requirements").

We held that neither statute afforded Albright an avenue for relief. *Albright*, 307 Kan. at 368-69. A motion under K.S.A. 60-1507 that is filed more than one year after a sentence has become final may be considered only to "prevent a manifest injustice."

4

K.S.A. 2021 Supp. 60-1507(f)(2). Albright's motion was filed several years after his sentence became final, and because we had recently held that the rule of law declared in *Alleyne* could not provide the basis for a manifest-injustice finding, we concluded that Albright was entitled to no relief under that statute. *Albright*, 307 Kan. at 368 (citing *Kirtdoll v. State*, 306 Kan. 335, 341, 393 P.3d 1053 [2017]). And because "'the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision,'" we determined that Albright could not "'use a motion to correct an illegal sentence under K.S.A. 22-3504 to seek relief based on the constitutional holding in *Alleyne*.'" 307 Kan. at 368 (quoting *State v. Brown*, 306 Kan. 330, 332, 393 P.3d 1049 [2017]). Thus, we affirmed the district court's denial of Albright's motion. 307 Kan. at 368-69.

In May 2020, Albright filed another pro se motion, which is the subject of this appeal. This time, Albright asserted that he was entitled to a sentence modification under K.S.A. 2021 Supp. 21-6628(c). That statute is a fail-safe provision that requires a court to modify a sentence when the term of imprisonment or the statute authorizing the term of imprisonment are found to be unconstitutional. Citing our holding in his previous appeal, Albright argued that K.S.A. 2021 Supp. 21-6628(c) was the "procedural vehicle" for his claim. He emphasized that his motion "should not be construed as either a motion to correct an illegal sentence or a K.S.A. 60-1507 motion."

While Albright's motion was pending in the district court, we issued our opinion in *Coleman*. There, we held that K.S.A. 2019 Supp. 21-6628 does not provide a statutory vehicle for a sentence modification based on a defendant's claim that a hard 40 sentence violates the Sixth Amendment as interpreted in *Alleyne*. *Coleman*, 312 Kan. at 119-20, 123-24. The State filed a supplemental memorandum arguing that *Coleman* controlled Albright's claim. The district court agreed and denied Albright's motion.

Albright now appeals the district court's decision to our court.

ANALYSIS

Where a defendant seeks sentence modification in postconviction proceedings, a court lacks jurisdiction and should dismiss the matter unless there is a statute that "authoriz[es] the specific requested relief." 312 Kan. at 120-21. Whether such a statutory vehicle exists presents a question of law that we review de novo, meaning that we give no deference to the district court's conclusions. See 312 Kan. at 117, 120-21.

Albright points solely to K.S.A. 2021 Supp. 21-6628(c) as the necessary statutory vehicle authorizing his request for a sentencing modification. In the past, we have also construed similar motions as motions under K.S.A. 22-3504 to correct an illegal sentence or motions under K.S.A. 60-1507 collaterally attacking a sentence. See, e.g., *State v. Appleby*, 313 Kan. 352, 356, 485 P.3d 1148 (2021); *Coleman*, 312 Kan. at 121-24. But such a construction is not appropriate here. In Albright's last appeal, we held that the same substantive claim Albright raises in this appeal cannot support a motion under either of those statutes. *Albright*, 307 Kan. at 368-69. And although "pro se postconviction pleadings must be analyzed by their content, not necessarily by their label," Albright specifically requested that the court not construe his motion under K.S.A. 22-3504 or K.S.A. 60-1507. *Coleman*, 312 Kan. at 120. Given that context, we will focus only on Albright's claim that he is entitled to relief under K.S.A. 2021 Supp. 21-6628(c).

Under that statute, a court must modify a defendant's sentence if that person's "mandatory term of imprisonment or any provision of chapter 341 of the 1994 Session Laws of Kansas authorizing such mandatory term is held to be unconstitutional." K.S.A. 2021 Supp. 21-6628(c). Albright contends that K.S.A. 2021 Supp. 21-6628(c) applies to him because K.S.A. 21-4635, the statute under which the sentencing court found the

6

existence of the aggravating factor necessary to impose his hard 40 sentence, was a provision of chapter 341 of the 1994 session laws and was found unconstitutional under *Alleyne* and *Soto*. See L. 1994, ch. 341, § 6.

But as Albright recognizes, this court considered and rejected that argument in *Coleman*. There, we held that the "change in law effected in *Alleyne* . . . does not trigger K.S.A. 2019 Supp. 21-6628(c)" because the "*Alleyne* Court did not find either the term of imprisonment or the statute authorizing the term of imprisonment to be unconstitutional." 312 Kan. 114, Syl. ¶ 5. Given that holding, Albright argues not that the district court erred but that this court should overrule *Coleman*.

We decline Albright's invitation to revisit our decision in that case. As we recognized earlier this year, we have "recently and repeatedly reaffirmed *Coleman*." *State v. Bedford*, 314 Kan. 596, 599, 502 P.3d 107 (2022). Like the defendant in *Bedford*, Albright "only reprises the failed arguments advanced" in those recent appeals. 314 Kan. at 599. Thus, we hold the district court correctly denied Albright's motion.

The judgment of the district court denying Albright's motion is affirmed.