NOT DESIGNATED FOR PUBLICATION

No. 123,239

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEON D. RAMSEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed October 1, 2021. Reversed and remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and HURST, JJ.

PER CURIAM: To protect a defendant's right to counsel under the Sixth Amendment to the United States Constitution, a district court must inquire into potential conflicts between a defendant charged with a felony and a defense counsel if the court is either aware of the conflict or it is brought to the court's attention. Deon D. Ramsey told the district court at least twice that he had conflicts with his retained attorney. This means that we must now decide if the record shows that the district court made a proper inquiry

1

into whether Ramsey had the assistance of competent, conflict-free trial counsel when he entered his guilty pleas to several felony crimes.

*The relationship between attorney and client was rocky.*

When Ramsey was charged with two counts of aggravated robbery and one count of making false information, he retained private counsel, David Leon, to represent him. The attorney-client relationship was not tranquil. Throughout Leon's representation, Ramsey filed several pro se motions, including a motion captioned "Motion for Ineffective Assistance of Counsel," in which he requested the district court order Leon to resign and return Ramsey's payment.

In November 2017, the district court held a hearing on Ramsey's motion and told him he did not need the court's permission to change private counsel. The court told Ramsey he could either hire a new attorney on his own or file a poverty affidavit requesting court-appointed counsel. The district court also discussed the possibility of continuing Ramsey's trial date. But Ramsey conveyed he did not want his trial continued, he did not intend to fire Leon, and he was prepared to go to trial. At the end of the hearing, the district court stated, "All right. Well, we're moving towards a December 4th trial date then."

Sometime after the hearing, Ramsey fired Leon, but Leon did not move to withdraw. On November 29, 2017, Ramsey filed a pro se motion for appointment of new counsel. The district court held a hearing on Ramsey's motion on December 1, 2017. Ramsey said he was requesting new counsel and asserted there was a conflict of interest between himself and Leon but did not specify the nature of the conflict. Leon told the court he believed it was appropriate for Ramsey to move forward with court-appointed counsel. Despite not having moved to withdraw from the case, Leon stated he was no

longer Ramsey's counsel of record because Ramsey had fired him after the November 3, 2017 hearing. As far as we can tell, Leon has never moved to withdraw from the case.

The State objected to the appointment of new counsel, and the district court denied Ramsey's motion after reviewing a transcript of the November 3 hearing. The district court stressed Ramsey's prior objection to a continuance of trial. The court noted the State was prepared for trial on December 4, and if new counsel was appointed, they could not reasonably be prepared to try the case on that date. Even so, the court allowed Ramsey to make additional arguments. Ramsey asserted Leon's failure to withdraw should not be held against him and neither he nor Leon were prepared to go to trial the following Monday.

The district court did not ask Leon if he was prepared to go to trial. Instead, the district court told Ramsey, "Well, that's too bad. I can't do anything about your ability to be ready for trial. That's on you. It's not on anybody else." The court would not reconsider its ruling and told Ramsey his trial would proceed on December 4, and he could either continue with Leon as his attorney or represent himself.

Ramsey objected, stating he did not want to be represented by someone he had "major conflicts with." The court did not ask about the alleged conflict, instead advising Ramsey if he did not want to be represented by Leon, he could represent himself.

At the start of the trial, Leon told the district court Ramsey requested to represent himself. Ramsey confirmed he requested self-representation because of "ineffective assistance." The court then began to advise Ramsey of the dangers of representing himself, but Leon interrupted and asked for a recess so he could speak with the prosecutor. After the break, Leon told the court the parties had reached a plea agreement, and Ramsey confirmed he wanted Leon to represent him during plea negotiations.

3

The State explained that under the plea agreement, Ramsey would plead guilty to one count each of attempted aggravated robbery, robbery, and making false information, and the State would request a sentence of 153 months' imprisonment. Leon confirmed the terms of the plea agreement, and the district court granted the parties a recess to draft written plea documents. When they returned, the district court conducted a plea colloquy and Ramsey pled guilty to attempted aggravated robbery, robbery, and making false information, consistent with the parties' agreement. In line with the plea agreement, the district court sentenced Ramsey to 153 months' imprisonment with 24 months' postrelease supervision.

After that, Ramsey filed a direct appeal of his sentences but later voluntarily dismissed it. He then filed a pro se motion to withdraw his pleas, alleging the district court abused its discretion in failing to ask about a potential conflict between Ramsey and Leon, and Ramsey received ineffective assistance of counsel from Leon, causing manifest injustice. He alleged several specific deficiencies in Leon's performance.

He asserted that Leon had not learned about the facts of the case, did not correspond with Ramsey regarding trial strategy, and never contacted potential witnesses or issued subpoenas. Ramsey claimed this lack of contact put him in a position where he risked going to trial with ineffective counsel. Ramsey claimed he entered his pleas under duress because Leon was not prepared to try the case and was certain he would lose as a result. Ramsey also alleged Leon told him to just answer "Yes" to the district court's questions at the plea colloquy and misrepresented the terms of the plea agreement by handing Ramsey an index card stating the plea agreement was for 129 months' imprisonment.

The court summarily denied Ramsey's motion, finding he failed to present substantial questions of law or fact. The court held Ramsey was represented by

4

competent counsel, he was not misled, coerced, mistreated, or taken advantage of, and his plea was fairly and understandingly made.

In his appeal Ramsey asserts his motion raised two substantial factual and legal issues requiring the district court to appoint him counsel and hold an evidentiary hearing:

- He received ineffective assistance from Leon who was unprepared to go to trial, thereby forcing Ramsey to accept a plea; and
- he was denied his right to conflict-free counsel.

Ramsey's argument is persuasive.

*The law requires the court to inquire about conflicts between defendants and their counsel.*

Because we have the same access to the motions, records, and files as the district court, our review of this matter is unlimited. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

The law that permits defendants to withdraw their pleas after they have been sentenced specifies what they must show. "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2020 Supp. 22-3210(d)(2). Thus, Ramsey has to show manifest injustice to be successful with his postsentence motion to withdraw his guilty pleas.

We must address another concern. If a postsentence motion to withdraw plea sets forth facts that, if true, show manifest injustice to the extent withdrawal of the plea may be warranted, the motion becomes a critical stage of the proceedings for which the district court must appoint counsel to protect the defendant's rights. *State v. Laughlin*, 310 Kan. 119, 122-23, 444 P.3d 910 (2019).

5

This case is controlled by *State v. Marshall*, 303 Kan. 438, 447, 362 P.3d 587 (2015). The court ruled that the district court has a duty to look further into this type of issue:

> "To protect a defendant's right to counsel under the Sixth Amendment to the United States Constitution, a district court must inquire into potential conflicts between a defendant charged with a felony and defense counsel if (a) the court is aware of the conflict or (b) it is brought to the court's attention. [Citation omitted.]" 303 Kan. at 447.

A district court abuses its discretion if it becomes aware of a potential conflict of interest between a defendant and his or her attorney but fails to conduct an inquiry. Furthermore, a district court can abuse its discretion if it conducts an inquiry into a defendant's claim of dissatisfaction with his or her attorney, but the inquiry fails to fully investigate:

- the basis for the claim; and
- the facts necessary for determining if that dissatisfaction justifies appointing new counsel.

*State v. Pfannenstiel* 302 Kan. 747, Syl. ¶¶ 5-6, 357 P.3d 877 (2015).

This brings us to the center of our concern.

*Did the district court make a proper inquiry after Ramsey told the court of the conflicts in early November and then later, just before the trial was to begin?*

Ramsey's motion presented facts, which, if true, would establish manifest injustice to permit the withdrawal of his pleas. See *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Ramsey alleged:

- Leon was unprepared to go to trial and never contacted or subpoenaed witnesses or discussed trial strategy;

6

- Leon told Ramsey "'there was no way he was prepared' to try this case and that 'he was certain that we would lose' this matter because of it"; and
- an ongoing conflict existed with Leon at the time of Ramsey's pleas.

From the record we have seen the district court did not ask about any of these issues. As another panel of this court held in *State v. Cook*, No. 119,925, 2019 WL 4230105, at *4 (Kan. App. 2019) (unpublished opinion), allegations that an attorney failed to prepare for trial and failed to communicate with his or her client require an evidentiary hearing when the allegations cannot be resolved without an evidentiary basis.

Here, the district court was well aware that Ramsey was concerned of a potential conflict with Leon and felt Leon was unprepared to go to trial. The district court also knew that Leon believed he was no longer Ramsey's counsel as of three days before the trial setting, and Leon conveyed Ramsey had fired him at an earlier time.

Despite these concerns on the face of the record, the district court made no inquiry on whether (1) a conflict existed; (2) Leon was prepared to try the case; and (3) Ramsey entered into the plea agreement under duress as a result of Leon's lack of preparation or an ongoing conflict. Instead, the district court effectively told Ramsey his only options were to (1) forgo the assistance of counsel; or (2) continue to rely on Leon—an attorney Ramsey believed was unprepared for trial and with whom he had a conflict. Before entering his pleas, Ramsey told the district court he intended to represent himself at trial because he felt Leon had provided or would provide ineffective assistance.

Because the district court did not inquire further about these concerns, it abused its discretion as a matter of law by failing to ensure Ramsey was represented by competent, conflict-free counsel under the ruling in *Marshall*, 303 Kan. at 447.

7

These are questions of fact that we cannot answer with this record. To answer them properly, a fact-finder must make credibility determinations, which must be made or resolved in an evidentiary hearing.

We must reverse the district court's summary dismissal of Ramsey's plea withdrawal motion and remand for an evidentiary hearing for the district court to take evidence on Ramsey's motion to withdraw his guilty pleas.

Reversed and remanded with directions.