NOT DESIGNATED FOR PUBLICATION

Nos. 122,949
123,345

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GIANG T. NGUYEN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed May 13, 2022.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Tyler B. Pettigrew*, assistant county attorney, *Susan H. Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN, J., and RICHARD B. WALKER, S.J.

PER CURIAM: In this consolidated appeal, Giang T. Nguyen appeals the district court's summary denial of his motion filed under K.S.A. 60-1507, claiming the district court's determination that he failed to show ineffective assistance of his 60-1507 appellate counsel was error. Nguyen also appeals the district court's denial of his motion to correct illegal sentence. After a careful review of the record, we affirm the district court.

1

In 2003, a jury convicted Nguyen of felony murder, aggravated kidnapping, five counts of kidnapping, aggravated burglary, conspiracy to commit kidnapping, and conspiracy to commit aggravated burglary. The sentencing court imposed a hard 20 life sentence and an additional 165 months in prison. On direct appeal to the Kansas Supreme Court, Nguyen raised several issues. Relevant to this appeal, Nguyen challenged the admission of his own statements to officers and the reading of the warnings under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), based on the qualifications of his interpreter under K.S.A. 75-4351 et seq. Our Supreme Court determined that substantial competent evidence supported the findings that the interpreter was qualified; that Nguyen's convictions of felony murder and aggravated kidnapping were not multiplicitous; and that certain evidence, including Nguyen's own statements, was properly admitted. *State v. Nguyen*, 281 Kan. 702, 723-25, 133 P.3d 1259 (2006) (*Nguyen I*). Thus, the court affirmed Nguyen's convictions and sentences. 281 Kan. at 731. The mandate was issued on May 30, 2006.

In January 2007, Nguyen timely filed his first motion under K.S.A. 60-1507. Unfortunately, that motion is not included in the record on appeal. The district court denied the motion; on appeal, a panel of our court denied Nguyen's motion to docket his appeal out of time. In 2009, Nguyen filed a second K.S.A. 60-1507 motion. The district court, after making findings of fact and conclusions of law for each claim, denied that motion as well. Nguyen appealed, and another panel of our court affirmed the district court's denial. *Nguyen v. State*, No. 104,057, 2011 WL 781525, at *2 (Kan. App. 2011) (unpublished opinion) (*Nguyen II*). In March 2012, Nguyen then filed a third K.S.A. 60-1507 motion that the district court declined to file because it was successive and sought similar relief Nguyen had requested in his prior motions. No appeal followed.

Nguyen filed another K.S.A. 60-1507 motion in August 2012. The district court's order summarily denied Nguyen's claims. Nguyen appealed, and a panel of our court affirmed. *Nguyen v. State*, No. 112,581, 2016 WL 197745, at *6 (Kan. App. 2016) (unpublished opinion) (*Nguyen III*). The Kansas Supreme Court granted review and reversed and remanded because the district court failed to make adequate findings of fact and conclusions of law. *Nguyen v. State*, 309 Kan. 96, 112, 431 P.3d 862 (2018) (*Nguyen IV*). The Supreme Court also held that Nguyen had established exceptional circumstances to allow review of his successive motion. 309 Kan. at 111. The Supreme Court highlighted that Nguyen's appellate counsel on direct appeal failed to raise a multiplicity issue for Nguyen's conviction of conspiracy to commit kidnapping. His codefendants, however, were successful in vacating that conviction, so those cases presented an intervening change in the law. 309 Kan. at 110.

Also, in finding exceptional circumstances permitted review of his successive motion, the Supreme Court provided some perspective:

"[A] native English speaker might imagine being in a Vietnamese prison with virtually no grasp of the local language, having no access to a competent interpreter, being assigned dilatory (if not incompetent) counsel, and knowing that two codefendants had their identical convictions reversed on the same legal grounds, but the district court that resentenced your codefendants summarily refuses to consider your wrongful conviction. Those circumstances would seem exceptional to most persons." 309 Kan. at 110-11.

The Supreme Court concluded Nguyen deserved "the same relief as his codefendants" and reversed his conviction for conspiracy to commit kidnapping, vacated the accompanying sentence, and remanded the case to the district court for resentencing. 309 Kan. at 111. Also on remand, the district court was instructed to address the remaining claims in Nguyen's 2012 K.S.A. 60-1507 motion. 309 Kan. at 111.

On remand the district court summarily denied each claim raised by Nguyen that the Kansas Supreme Court had not resolved. In an extensive 37-page written opinion, the district court examined each of Nguyen's claims and found them without merit. In particular, the district court declined to grant Nguyen relief on his demand that he be allowed to reactivate the appeal of his 2007 K.S.A. 60-1507 motion. Nguyen claimed his appellate counsel had been ineffective by failing to timely docket that appeal. The district court instead addressed each of Nguyen's claims from his 2007 K.S.A. 60-1507 motion and found them lacking merit as well. Ultimately, the district court held that the issue of whether Nguyen's appellate counsel in his 2007 habeas appeal was ineffective was moot because the claims in his 2007 K.S.A. 60-1507 motion lacked merit. After reviewing the entire record, the district court concluded Nguyen was provided a fair trial, afforded due process, and had competent counsel. The district court denied his motion.

Also in 2012, Nguyen filed a motion to correct illegal sentence in his criminal case. Nguyen attached the 60-1507 motion he had attempted to file in March 2012 but was rejected by the district court. He argued the issues raised in that 60-1507 motion were illegal actions by the original sentencing court. His pro se motion argued that his sentence was imposed without jurisdiction because he was not permitted to communicate with the Vietnamese consulate and he did not receive adequate interpretation throughout the proceeding, thereby preventing him from understanding his rights and the charges. He also appeared to argue that the sentences did not conform to the law for those same reasons. The relief that Nguyen sought in his motion to correct illegal sentence was to vacate his sentences because he contested his convictions.

The district court denied Nguyen's illegal sentence motion, concluding his motion did not demonstrate that his sentences were imposed under the circumstances articulated under K.S.A. 22-3504: the sentencing court was without jurisdiction, the sentence did not conform to appliable statutes, or the sentence was ambiguous.

Nguyen timely appeals.

I.    DID THE DISTRICT COURT ERRONEOUSLY DENY NGUYEN'S 2007 K.S.A. 60-1507 MOTION?

On appeal, Nguyen argues the district court erred in summarily denying his 2007 K.S.A. 60-1507 motion and he is entitled to an evidentiary hearing on his claims. Nguyen contends his motion provided a detailed basis for relief; specifically, his claim that appellate counsel was ineffective for failing to timely docket his 2007 K.S.A. 60-1507 appeal. He also contends prejudice resulted from appellate counsel's deficient performance because it resulted in dismissal of his first habeas appeal. Nguyen argues we should reverse the district court, remand for an evidentiary hearing to consider the merits of his 2007 K.S.A. 60-1507 claims, and appoint counsel.

*Standard of Review*

A district court has three options when evaluating a 60-1507 motion; one of those options, as was done here, is for the district court to summarily deny the motion after having determined the motion, files, and case records conclusively show the movant is entitled to no relief. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). When a district court summarily denies a 60-1507 motion, our review on appeal is de novo. We make an independent judgment as to whether the movant is entitled to relief based on the same motion and records of the case. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). To avoid the summary denial of a motion, a movant's contentions must be more than conclusory—either the movant must provide an evidentiary basis to support his or her claims or the basis must be evident from the record. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*Discussion*

Both parties address at length the potential procedural bars possibly preventing our review of Nguyen's untimely and successive motion. But the district court reviewed the merits of Nguyen's claims contained in his 2012 K.S.A. 60-1507 motion as instructed by the Kansas Supreme Court in *Nguyen IV*, 309 Kan. at 111. See *State v. Clark*, 313 Kan. 556, 575, 486 P.3d 591 (2021) (mandate rule requires lower courts to follow mandates from appellate courts). Given our Supreme Court's mandate, and for the purposes of our review, we assume Nguyen has sufficiently established both manifest injustice and exceptional circumstances to allow for the consideration of the merits of his claims. We do so because, ultimately, they lack merit.

To be entitled to relief under K.S.A. 2020 Supp. 60-1507, the movant must establish by a preponderance of the evidence "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2020 Supp. 60-1507(b); see Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 242) (burden of proof by preponderance of evidence is on movant). "In deciding whether an evidentiary hearing must be held, the court generally must accept the factual allegations set out in the motion as true. But the factual allegations must be specific, not mere conclusions. [Citations omitted.]" *Skaggs v. State*, 59 Kan. App. 2d 121, 130-31, 479 P.3d 499 (2020). Nguyen bears the burden to show there is some evidentiary basis in the record to support his claims. See *Sola-Morales*, 300 Kan. at 881.

Significantly, Nguyen only raises the issue of whether his appellate counsel was ineffective for failing to timely docket the appeal of his 2007 K.S.A. 60-1507 motion. Thus, Nguyen has abandoned his remaining claims on appeal. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019) (issues not briefed are waived or abandoned).

To establish ineffective assistance of counsel Nguyen must show that appellate counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness and that Nguyen was prejudiced to the extent that a reasonable probability exists that, but for appellate counsel's deficient performance, the appeal would have been successful. See *State v. Butler*, 307 Kan. 831, 852-53, 416 P.3d 116 (2018). As the party claiming ineffective assistance of counsel, Nguyen has the burden of designating a record that affirmatively shows prejudicial error. See *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017).

The State argues Nguyen is not entitled to an evidentiary hearing because his motion does not provide a factual basis and his claim is conclusory. In particular, the State alleges Nguyen has not shown appellate counsel was deficient because, while Nguyen places the blame solely on appellate counsel for the failure to docket a timely appeal, the State suggests Nguyen was the cause of the untimely appeal due to his failure to provide a statement of facts and list of witnesses.

The record shows that Nguyen was appointed appellate counsel after the district court denied his 2007 K.S.A. 60-1507 motion in April 2007, but appointed appellate counsel failed to take any action for approximately two years. In fact, it was not until April 23, 2009, that our court denied Nguyen's motion to docket his appeal out-of-time, thereby foreclosing appellate review. Upon remand from our Supreme Court, the district court found that it was appellate counsel who failed to timely docket the appeal and it was appellate counsel's duty to ensure a timely docketing. See Supreme Court Rule 2.04(a)(1) (2022 Kan. S. Ct. R. at 15); Supreme Court Rule 2.041(a) (2022 Kan. S. Ct. R. at 18).

We think it unnecessary to resolve the question of whether appellate counsel was deficient in failing to timely docket the appeal of Nguyen's 2007 K.S.A. 60-1507 motion

7

because, as we will explain, even if we assume appellate counsel was deficient, Nguyen cannot show prejudice from this failure.

The prejudice inquiry requires the movant to show that the decision would likely have been different without the error complained of. *Balbirnie v. State*, 311 Kan. 893, 899-900, 468 P.3d 334 (2020). The Kansas Supreme Court highlighted that the prejudice inquiry focuses on "'the fundamental fairness of the proceeding' and 'whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.' *Strickland*, 466 U.S. at 696." *Balbirnie*, 311 Kan. at 900. Thus, Nguyen had to show there was a reasonable probability the failure to timely docket the appeal "'undermine[d] confidence in the outcome.'" 311 Kan. at 900.

The district court evaluated each of Nguyen's claims from his 2007 K.S.A. 60-1507 motion and found that they lacked merit. Assuming this analysis was correct, then Nguyen cannot show prejudice because, even if he had timely appealed the denial of that motion, it would have made no difference in the final result. Thus, we turn to the merits of Nguyen's claims from his 2007 motion.

Our review of the merits of Nguyen's 2007 K.S.A. 60-1507 motion is somewhat impeded by the fact that Nguyen's actual motion is not in the record. However, our Supreme Court outlined Nguyen's 2007 claims in *Nguyen IV*, 309 Kan. at 98-99, and the district court addressed each of Nguyen's claims in its written ruling. We rely on those sources to conduct our review.

8

A.      *Nguyen's constitutional rights were not violated by use of an interpreter with an allegedly different dialect.*

Nguyen complains he was forced to rely on an interpreter who spoke a culturally different dialect of Vietnamese. He asserts this violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. As we understand the essence of Nguyen's argument, he contends his statements to police were not knowing and voluntary because he did not understand his interpreter. However, our Supreme Court on direct appeal found Nguyen's interpreter competent and qualified to interpret for Nguyen. *Nguyen I*, 281 Kan. at 723. Moreover, the district court cited to the interpreter's testimony at an earlier hearing that Nguyen understood his translation. Thus, we agree with the district court that this claim lacks merit.

B.      *The State proved the elements of aggravated burglary as part of the necessary predicate to prove felony murder.*

Nguyen also claims the State failed to prove the elements of aggravated burglary, which was a necessary predicate to proving felony murder. Specifically, he argues that because the jury acquitted him of aggravated robbery, the State could not prove aggravated burglary and thus could not establish his guilt of felony murder. The district court rejected this claim, finding this argument had been raised and rejected in Nguyen's 2009 K.S.A. 60-1507 motion. Moreover, the district court, quoting its ruling from 2009, found that Nguyen's claim lacked merit. The district court stated:

> "'Movant Nguyen's contention there was insufficient evidence for the jury to determine that he committed an aggravated robbery so as to support the conviction of aggravated burglary [is] without merit. The record contains ample evidence which conclusively establishes that Movant Nguyen entered the victims' occupied residence without authority, armed with a gun, with the expressed intent of taking money from the presence of the occupants. Movant Nguyen's statement, as well as the evidence of the

9

criminal defendant's actions, clearly establishes the intent to commit aggravated robbery at the time the criminal defendants entered the residence. The fact that the criminal defendants fled the scene in panic after one of them shot a noncooperative victim, but before they could complete their intended aggravated robbery, does not change the fact, well established in the record, that the criminal defendants entered the residence with the intent to commit an aggravated robbery.'"

We agree with the district court's rationale.

Under the felony-murder rule, a defendant can be convicted of murder if a homicide occurs during the commission of an inherently dangerous felony. *State v. Underwood*, 228 Kan. 294, 302-03, 615 P.2d 153 (1980). At the time Nguyen committed his crimes in November 2002, first-degree murder included the killing of a human being "in the commission of, attempt to commit, or flight from an inherently dangerous felony." See K.S.A. 21-3401(b). Both aggravated robbery and aggravated burglary were considered inherently dangerous felonies. See K.S.A. 21-3436(a)(4), (10). To be guilty of aggravated burglary, the State had to prove Nguyen knowingly and without authority entered into the victims' residence in which a human being was present with the "intent to commit a felony, theft, or sexual battery therein." See K.S.A. 21-3716.

As the district court explained, while Nguyen may have been acquitted of aggravated robbery, he still committed aggravated burglary because he unlawfully entered the residence, in which several persons were present, with the intent to commit aggravated robbery. See K.S.A. 21-3427 (aggravated robbery is robbery committed by an armed individual); K.S.A. 21-3426 ("Robbery is the taking of property from the person or presence of another by force or by threat of bodily harm."). According to the record, Nguyen and his codefendants, who were armed, intended to take property from the presence of the persons in the residence. Because aggravated robbery, like aggravated burglary, is also a felony, Nguyen's intent to commit aggravated robbery provided the necessary intent, along with his other acts of unlawfully entering the residence in which

the victims were present, to establish aggravated burglary. During the commission of the aggravated burglary, an inherently dangerous felony in which Nguyen was participating, an individual was killed, thus making Nguyen guilty of felony murder.

     C.     *The district court did not err in failing to grant Nguyen individualized voir dire.*

Nguyen contends that the district court denied him due process by not allowing him to have individualized voir dire.

At the pretrial motion hearing, Nguyen asked for individualized voir dire. Nguyen wanted to question each prospective juror individually outside the presence of the other prospective jurors. The trial court rejected this request, finding it would "drag out" voir dire and instead allowed voir dire of the prospective jurors in groups of 12.

The district court rejected Nguyen's claim that this violated his due process rights, finding, correctly, that the purpose of voir dire is to enable the parties to select fair and competent jurors, and the nature and scope of voir dire is left to the discretion of the trial judge. *State v. Manning*, 270 Kan. 674, 691, 19 P.3d 84 (2001), *disapproved of on other grounds by State v. King*, 288 Kan. 333, 204 P.3d 585 (2009). Nguyen had no right to the procedure he requested, and he makes no argument how the procedure the district court required prejudiced him.

     D.     *The district court did not contribute to any alleged ineffectiveness of trial counsel.*

Nguyen claims the district court contributed to his trial counsel's ineffectiveness in violation of his rights under the Sixth Amendment. The district court rejected this claim as well, finding that Nguyen failed to provide any factual allegations to support such a

claim. Moreover, it found, after reviewing all the transcripts of every hearing, no evidence to support such a claim. We agree. It is Nguyen's duty to provide facts to support his claims, not merely conclusory allegations. See *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). Nguyen's failure to supply any factual allegations to support his claim, coupled with any explanation as to why such acts contributed to his trial counsel's ineffectiveness, is fatal to his claim.

      E.      *The complaint was not fatally defective.*

Nguyen argues the complaint was fatally defective because it failed to charge all the elements necessary to charge the crime of aggravated burglary. As a result, Nguyen demands his release. The district court rejected this claim, correctly pointing out that criminal complaints do not confer jurisdiction and that the allegations in the complaint sufficiently alleged the crime of aggravated burglary. Again, we agree with the district court.

There are three types of defects in a charging document. First is the complaint's failure to meet the Kansas Constitution's requirement that the charges be filed in the correct court and territory. Second is the failure of the charging document to allege facts that if proved beyond a reasonable doubt would constitute the commission of a crime. And third is the failure of the charging document to provide the defendant due process by providing adequate notice of the charges. Any defect in a charging document, however, does not impact subject matter jurisdiction. *State v. Dunn*, 304 Kan. 773, 815-16, 375 P.3d 332 (2016).

Contrary to Nguyen's argument, even if we assume a defect in the complaint, the district court never lacked subject matter jurisdiction. Therefore, Nguyen is not entitled to be released. Moreover, as to the allegation that the complaint did not sufficiently allege aggravated burglary, again the district court thoroughly and correctly examined this

question. The district court explained that the complaint correctly listed all the elements of aggravated burglary as stated in the Pattern Instructions of Kansas. The complaint was not defective.

F.    *The State did not fail to prove the elements of aggravated burglary necessary to prove felony murder.*

Similar to Nguyen's claim that because he was acquitted of aggravated robbery, he could not be convicted of aggravated burglary, Nguyen claims the State failed to prove the elements of aggravated burglary, meaning he could not be convicted of felony murder. The district court rejected this claim. For the reasons we explained in subsection B above, this argument is without merit. Because Nguyen and his codefendants unlawfully entered the residence—with the victims present in the home—armed with guns with the intent to commit aggravated robbery, a felony, all the elements of aggravated burglary were satisfied. And because a killing occurred during the commission of this aggravated burglary, the felony-murder rule was satisfied as well.

G.    *Trial counsel was not ineffective.*

Nguyen shotguns a number of allegations claiming his trial counsel was ineffective for failing to (1) conduct an adequate pretrial investigation; (2) make proper contemporaneous objections; (3) conduct adequate voir dire; (4) file a proper motion for judgment of acquittal after the jury's verdict; and (5) present an adequate closing argument.

The district court rejected Nguyen's contentions, finding they were unsupported by the record as conclusory. Specifically, the district court found there was nothing in the record showing that Nguyen was prejudiced by trial counsel's performance in any of the areas alleged by Nguyen. In particular, the district court noted that trial counsel had filed

a postjudgment motion for acquittal alleging the proper statutory grounds, and the trial transcript had shown adequate performance by trial counsel in the conduct of the trial, specifically as it related to objections and closing argument.

We see no reason based upon the record before us to disturb the district court's findings. Nguyen's complaints about his trial counsel are completely conclusory. Nguyen fails to specifically outline in what ways counsel's performance was deficient, nor does he explain how such acts prejudiced him.

H.     *The jury selection process did not violate* Batson.

Nguyen claims the jury selection process violated his rights under *Batson v. Kentucky*, 476 U.S. 79, 85, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). Under *Batson*, a defendant's constitutional rights are violated if the prosecution purposefully seeks to exclude members of the defendant's race from the jury. 476 U.S. at 85. Specifically, Nguyen claims his trial counsel should have raised a *Batson* challenge because there were no Vietnamese or Asians on the jury.

"When a defendant asserts a *Batson* challenge, the essential question to be answered is whether the State has purposefully exercised peremptory challenges to strike potential jurors because of their race." *State v. Peterson*, No. 116,931, 2021 WL 3823405, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 314 Kan. 858 (2021); see also *State v. Angelo*, 287 Kan. 262, 271, 197 P.3d 337 (2008) ("'The *Batson* analysis involves a three-step process. First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. In this second step, the prosecutor is only required to put forth a facially valid reason for exercising a peremptory strike. . . .

14

Finally, the trial court must determine whether the defendant has carried his or her burden of proving purposeful discrimination.'").

The district court rejected this claim on the grounds that this issue had been previously raised and rejected by the district court in Nguyen's 2009 K.S.A. 60-1507 motion. It also found nothing in the record to show that Vietnamese or Asians were systematically excluded from the jury or that the process for summoning prospective jurors was improper in any way. Finally, given the fact the victims were also Vietnamese, the district court found Nguyen had made no showing how he was prejudiced by the jury selection process. Again, the record supports the district court's denial of this claim.

I.    *Appellate counsel was not ineffective.*

Finally, Nguyen argues his appellate counsel was ineffective for failing to raise viable issues on appeal. The district court rejected his claim on the grounds that because Nguyen's 2007 and 2012 K.S.A. 60-1507 motions lacked merit, he could not establish prejudice by any of his appellate counsel's alleged failures. Because Nguyen has abandoned his challenge to the district court's denial of his 2012 K.S.A. 60-1507 motion, and given the district court's findings that his 2007 K.S.A. 60-1507 motion lacked merit, we conclude that Nguyen has failed to show the required prejudice to establish that his appellate counsel was ineffective. Moreover, our independent analysis of Nguyen's claims from his 2007 K.S.A. 60-1507 motion shows they lack merit. Thus, appellate counsel's failure to timely docket the appeal from the district court's denial of this motion could not have been prejudicial to Nguyen. We agree with the district court's conclusions that Nguyen received a fair trial and the evidence in the record supports his guilt. Nguyen has failed to meet his burden to establish any grounds to reverse any of his convictions.

15

II.    DID THE DISTRICT COURT ERRONEOUSLY DENY NGUYEN'S MOTION TO CORRECT ILLEGAL SENTENCE?

Nguyen's brief does not challenge the sentencing court's decision to deny his motion to correct illegal sentence. Nguyen has, therefore, abandoned his claims in that motion on appeal. See *Salary*, 309 Kan. at 481. Instead, his arguments appear to be that his sentences should be vacated on the ground that his trial was unfair. For example, he challenges the adequacy of his interpreter and his access to international resources.

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2020 Supp. 22-3504(a). The illegal sentence statute, however, "has 'very limited applicability.'" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). An "'[i]llegal sentence'" is "a sentence:  Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served . . . ." K.S.A. 2020 Supp. 22-3504(c)(1). Summary denial of a motion to correct illegal sentence without the appointment of counsel is appropriate when the motion, files, and records conclusively show the defendant has no right to relief. *State v. Laughlin*, 310 Kan. 119, 123-24, 444 P.3d 910 (2019).

In July 2012—after his March 60-1507 motion had been rejected by the district court but before filing his August 60-1507 motion—Nguyen filed pro se a motion labeled as a motion to correct illegal sentence. Nguyen attached his previously rejected March 2012 K.S.A. 60-1507 motion in support of his claim that his sentences were illegal. This motion indicated it was filed pursuant to K.S.A. 22-3504; it was filed in the criminal

case; and it was not formatted as a K.S.A. 60-1507 motion. The district court summarily denied the motion.

"Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review." *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014). Pro se pleadings are to be reasonably construed according to the content and relief requested by the litigant. In construing pro se pleadings, the Supreme Court has stated courts are "not required to divine every conceivable interpretation of a motion, especially when a litigant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute." *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019); see *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010) ("A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial."). The district court is relieved of any duty to convert a motion to correct an illegal sentence under K.S.A. 22-3504 into a motion under K.S.A. 60-1507 where the movant asserts that he or she is only challenging the legality of the sentence and is not seeking to reverse the underlying conviction. *State v. Ditges*, 306 Kan. 454, 457-58, 394 P.3d 859 (2017); see *Redding*, 310 Kan. at 19-20 (considering four factors to conclude illegal sentence motion could not be construed as K.S.A. 60-1507 motion).

Nguyen's claims do not fit within the definition of an illegal sentence under K.S.A. 2020 Supp. 22-3504. Moreover, Nguyen's motion attacking his sentences cannot be construed as a K.S.A. 60-1507 motion. His arguments go the fairness of his trial and other due process concerns, not to the statutory illegality of his sentence. Given this, the district court was correct to deny Nguyen's illegal sentence claim.

Affirmed.

17